**D.C. BURNS REALTY AND TRUST, Petitioner–Appellant,**

v.

**JEFFERSON COUNTY BOARD OF COUNTY COMMISSIONERS, Respondent–Appellee,**

and

**Board of Assessment Appeals of the State of Colorado, Appellee.**

**No. 91CA2062.**

Colorado Court of Appeals, Div. IV.

Dec. 31, 1992.

As Amended Jan. 14, 1993.

Rehearing Denied Feb. 4, 1993.

Berenbaum & Weinshienk, P.C., David H. Goldberg, James L. Kurtz–Phelan, Denver, for petitioner-appellant.

Patrick R. Mahan, County Atty., Brian L. Utzman, William A. Tuthill, III, Asst. County Attys., Golden, for respondent-appellee Jefferson County Bd. of County Com'rs.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Thomas D. Fears, Asst. Atty. Gen., Denver, for appellee Board of Assessment Appeals.

Opinion by Judge METZGER.

Petitioner, D.C. Burns Realty and Trust (taxpayer), appeals from an order of the Board of Assessment Appeals (BAA) which dismissed taxpayer's consolidated administrative appeals from adverse rulings by respondent, the Jefferson County Board of County Commissioners (County Board), denying taxpayer's petitions for an abatement or refund of a portion of its 1989 property taxes. We conclude that, under the applicable statutory scheme, the BAA was required to consider the merits of taxpayer's overvaluation claims under the abatement and refund procedure here, and we therefore reverse the BAA's order and remand for further proceedings.

The record reveals the following facts. In separate, earlier administrative proceedings, taxpayer pursued its right to challenge the valuation placed by the county assessor on the five subject properties for the 1989 tax year under the protest and adjustment procedure. *See* §§ 39–5–122, 39–8–106, 39–8–107, & 39–8–108, C.R.S. (1992 Cum.Supp.).

These previous administrative proceedings culminated in December 1989, when an arbitrator rendered his decision concerning the appropriate valuation of the subject properties for the 1989 tax year following arbitration proceedings brought by taxpayer that were taken from the action of the county board of equalization on the matter. *See* §§ 39–8–108(1) & 39–8–108.5, C.R.S. (1992 Cum.Supp.). Pursuant to §§ 39–8–108(4) & 39–8–108.5(3)(g), C.R.S. (1992 Cum.Supp.), the arbitrator's decision in such proceedings was "final" and "not subject to review."

Taxpayer thereafter commenced the abatement and refund proceedings involved in this case. In November 1990, acting pursuant to §§ 39–1–113 & 39–10–114(1)(a)(I), C.R.S. (1992 Cum.Supp.), taxpayer filed, with the County Board, five petitions seeking an abatement or refund of a portion of its 1989 property taxes, again asserting that each of the subject properties had been overvalued for the 1989 tax year.

Based on its interpretation of certain 1990 amendments to § 39–10–114(1)(a)(I) concerning such petitions, the County Board subsequently denied each of taxpayer's abatement or refund petitions in February 1991. Specifically, the County Board ruled that its action denying each of taxpayer's petitions here was "in conformance with State law which prohibits an abatement based upon errors in valuation if the taxpayer has protested to the Assessor or appealed to the County Board of Equalization regarding that same tax year." Taxpayer then appealed each of the County Board's rulings to the BAA. *See* §§ 39–2–125(1)(f) & 39–10–114.5(1), C.R.S. (1992 Cum.Supp.).

These administrative appeals were consolidated by the BAA. The County Board thereafter moved to dismiss the matter, contending that the BAA lacked jurisdiction. It argued that the 1990 amendments to § 39–10–114(1)(a)(I) allegedly barred overvaluation claims under the abatement and refund procedure when a taxpayer has previously challenged the valuation under the protest and adjustment procedure. It noted that taxpayer here had participated in binding arbitration proceedings under that procedure.

The BAA initially denied the motion to dismiss in July 1991, ruling that the then recent 1991 amendments to § 39–10–114(1)(a)(I) allowed taxpayers to assert overvaluation claims under the abatement and refund procedure for the 1989 tax year even if the taxpayer had previously challenged the valuation under the protest and adjustment procedure. The County Board thereafter requested the BAA to reconsider its July 1991 ruling, reiterating its jurisdictional arguments and also contending that the BAA had erred in giving unconstitutional retroactive effect to the 1991 amendments to § 39–10–114(1)(a)(I) in its initial ruling.

The BAA subsequently granted the motion for reconsideration and rescheduled the matter for another hearing. At the second hearing, the County Board continued to argue for the dismissal of the matter on the same grounds it had previously asserted. The BAA thereafter granted the motion to dismiss in its final order in December 1991.

In its final order, the BAA dismissed taxpayer's overvaluation claims in these abatement and refund proceedings based on the finality of the arbitrator's decision in the previous binding arbitration proceedings under the protest and adjustment procedure. Taxpayer then appealed.

We agree with taxpayer that, under the applicable statutory scheme, the BAA was required to consider the merits of taxpayer's overvaluation claims concerning the 1989 tax year.

Pursuant to the 1988 amendments to § 39–10–114(1)(a)(I), taxpayer had the statutory right to assert overvaluation claims concerning the 1989 tax year under the abatement and refund procedure. *Portofino Corp. v. Board of Assessment Appeals*, 820 P.2d 1157 (Colo.App.1991); *see* Colo. Sess.Laws 1991, ch. 309 at 1962–65 (1991 amendments to statute "clarifying" intent of 1988 amendments to statute).

■ At issue in this appeal is the relationship between this statutory right and taxpayer's statutory right to challenge the valuation under the protest and adjustment procedure. Specifically, we must determine whether taxpayer was entitled to challenge the valuation of its property for the 1989 tax year under both the abatement and refund procedure and the protest and adjustment procedure or whether, instead, taxpayer was entitled to do so under only one or the other of these procedures.

Section 39–10–114(1)(a)(I)(D), C.R.S. (1992 Cum.Supp.) currently provides, in pertinent part, that:

No abatement or refund of *taxes levied on and after January 1, 1990*, shall be made based upon the ground of overvaluation of property if an objection or protest to such valuation has been made and a notice of determination has been mailed to the taxpayer pursuant to section 39–5–122. (emphasis added)

In our view, the plain meaning of these provisions is that, for property tax years beginning in 1990 and thereafter, overvaluation claims under the abatement and refund procedure are prohibited if a taxpayer has previously challenged the valuation for that tax year under the protest and adjustment procedure. However, since § 39–10–114(1)(a)(I)(D) also expressly authorizes taxpayers to assert overvaluation claims under the abatement and refund procedure for property tax years beginning in 1988 and thereafter, it is equally clear that the General Assembly intended to authorize taxpayers to challenge valuations under both the abatement and refund procedure and the protest and adjustment procedure for the 1988 and 1989 tax years.

Thus, based on the plain meaning of the relevant statutory provisions, we hold that

taxpayer had the statutory right again to challenge the valuation of its property for the 1989 tax year under the abatement and refund procedure here, notwithstanding the previous valuation proceedings and adjudication for that tax year under the protest and adjustment procedure.

Contrary to the arguments of the County Board and the BAA, we also find it to be without significance to the nature and scope of taxpayer's rights under the abatement and refund procedure here that the previous protest and adjustment proceedings culminated in a "final" and "non-reviewable" decision of an arbitrator. The abatement and refund procedure and the protest and adjustment procedure are two completely separate and independent administrative procedures for the adjudication of property tax disputes and are governed by different sets of statutes. *See Portofino Corp. v. Board of Assessment Appeals, supra.*

Consequently, even though the arbitrator's decision in the previous proceedings was "final" and "not subject to review" under §§ 39–8–108(4) and 39–8–108.5(3)(g) for purposes of barring any further proceedings under the protest and adjustment procedure, we can discern no intent by the General Assembly in these statutory provisions to preclude any future proceedings under the separate abatement and refund procedure. Rather, we hold that § 39–10–114(1)(a)(I)(D) authorizes a second valuation challenge by a taxpayer under the abatement and refund procedure concerning the 1989 tax year regardless of how or by whom the "final" adjudication of the earlier valuation dispute was established in the previous proceedings under the protest and adjustment procedure.

■ We also note that the BAA's action on taxpayer's administrative appeal here is not limited to a "review" of any previous action taken in any event, either by the arbitrator in the protest and adjustment proceedings or by the County Board in the abatement and refund proceedings. Rather, the BAA is authorized to conduct *de novo* evidentiary proceedings on the merits in every matter before it, including administrative appeals taken from boards of county commissioners in abatement and refund proceedings. *Board of Assessment Appeals v. Valley Country Club,* 792 P.2d 299 (Colo.1990); *see* BAA Rules 11, 14, & 17, 8 Code Colo.Reg. 1301–1 (1990); *see also* §§ 39–2–125(1)(f) & 39–10–114.5(1), C.R.S. (1992 Cum.Supp.) & 24–4–105, C.R.S. (1988 Repl.Vol. 10A).

Thus, on remand in this matter, the BAA is authorized to conduct a *de novo* evidentiary hearing on the merits of taxpayer's overvaluation claims concerning the 1989 tax year under the abatement and refund procedure.

We also reject the arguments of the County Board and the BAA that application of the current statutory scheme to the proceedings here concerning the 1989 tax year results in giving unconstitutional retroactive effect to the 1991 amendments to § 39–10–114(1)(a)(I). We need not, and do not, reach the constitutional aspects of this contention because we conclude that the law applicable to taxpayer's claims concerning the 1989 tax year in these proceedings has remained unchanged at all relevant times.

■ We note that the statutory prohibition against dual valuation challenges under both the abatement and refund procedure and the protest and adjustment procedure was added to the abatement and refund provisions for the first time by the 1990 amendments to § 39–10–114(1)(a)(I); these amendments took effect on June 9, 1990. *See* Colo.Sess.Laws 1990, ch. 277 at 1702–03, 1705. Amendments to statutes are generally presumed to operate prospectively. Section 2–4–202, C.R.S. (1980 Repl. Vol. 1B).

■ Thus, we conclude that the statutory prohibition against dual valuation challenges enacted by the 1990 amendments to § 39–10–114(1)(a)(I) was applicable only to property tax years beginning in 1990 and thereafter. Consequently, when the General Assembly again amended § 39–10–114(1)(a)(I) in 1991 and in so doing expressly provided that the statutory prohibition against dual valuation challenges applied

only to property tax years beginning in 1990 and thereafter, the 1991 amendments merely clarified the status of already existing law as to the applicability of this statutory prohibition. *See* Colo.Sess.Laws 1991, ch. 309 at 1962–65; *see also Portofino Corp. v. Board of Assessment Appeals, supra* (holding that 1991 amendments to other aspects of § 39–10–114(1)(a)(I) "clarified" intent of 1988 amendments to statute).

Under these circumstances, we conclude that the statutory prohibition against dual valuation challenges has never applied to abatement and refund proceedings concerning the 1989 tax year. To the contrary, in our view, § 39–10–114(1)(a)(I) has authorized a second valuation challenge by taxpayer under the abatement and refund procedure concerning the 1989 tax year at all stages of such proceedings here. Thus, since the 1991 amendments to § 39–10–114(1)(a)(I) did not change pre-existing law in this regard, the arguments concerning the allegedly unconstitutional retroactive effect being given to these amendments are without merit.

In light of this disposition of the issues, we need not address the remaining contentions of the parties.

Accordingly, the order of the BAA is reversed, and the cause is remanded to it with directions to conduct a new hearing to consider the merits of taxpayer's overvaluation claims concerning the 1989 tax year.

STERNBERG, C.J., and TURSI, J., concur.