**Ronald L. VON HAGEN and Theresa V.H. Bucher, Petitioners– Appellees,**

**and**

**Board of Assessment Appeals of the State of Colorado, Appellee,**

**v.**

**BOARD OF EQUALIZATION OF SAN MIGUEL COUNTY, Respondent– Appellant.**

**No. 96CA0270.**

Colorado Court of Appeals, Div. II.

May 29, 1997.

Rehearing Denied July 31, 1997.

Certiorari Denied Dec. 22, 1997.

Tisdel, Hockersmith & Burns, P.C., Richard P. Tisdel, Andrew A. Mueller, Ouray, for Petitioners–Appellees.

San Miguel County Attorney's Office, Steven J. Zwick, County Attorney, Pamela B. Slater, Assistant County Attorney, Telluride, for Respondent–Appellant.

Opinion by Judge CRISWELL.

The San Miguel County Board of Equalization (BOE) was the respondent in proceedings before the Board of Assessment Appeals (BAA) in which the BAA determined that the BOE had improperly classified for *ad valorem* tax purposes two parcels of realty (Lots 161 and 162) owned by petitioners, Ronald L. Von Hagen and Theresa V.H. Bucher, as vacant land, rather than as agricultural land, for the 1995 tax year. BOE appeals from that determination, and we affirm in part and reverse in part.

## I. *Lot 162*

For a number of years before tax year 1994, Lot 162 was used for and classified by the assessor as "agricultural" land. There is no dispute that Lot 162 was properly classified as such in these prior years.

For the tax year 1994, however, the county assessor classified Lot 162 as "vacant" land. Petitioners protested this classification, but on appeal to the BOE, that classification was upheld. Petitioners then submitted the dispute to binding arbitration pursuant to § 39–8–108.5, C.R.S. (1994 Repl.Vol. 16B). The arbitrator, after a hearing, adopted a written award, finding in favor of the BOE. While the arbitrator adopted no specific findings, given the undisputed fact that Lot 162 had been used as agricultural land before 1994, this decision was necessarily based upon the arbitrator's determination that Lot 162 was not being used for agricultural purposes in 1994. Pursuant to § 39–8–108.5(3)(g), C.R.S. (1994 Repl.Vol. 16B), this arbitration award became "final and not subject to review."

For the following tax year of 1995, the county assessor again classified Lot 162 as vacant land, petitioners again protested, and the BOE again upheld the assessor's classification. This time, petitioners chose to appeal to the BAA. As noted, the BAA concluded that this classification was improper.

The BOE asserts that, given the statutory definition of "agricultural land," the BAA in 1995 improperly refused to accord to the previous arbitration award the finality required by the statute. Under the circumstances here, we agree.

Section 39–1–102(1.6)(a)(I), C.R.S. (1994 Repl.Vol. 16B) contains a general definition of "agricultural land." Pertinent to the issue presented for our consideration here, that definition contains two requirements.

First, the land in question must have been "*used* in the *previous two years and [is used] presently* ... as a farm or ranch ...." (emphasis supplied)

Second, that land "must have been classified or *eligible for classification* as 'agricultural land' ... *during the ten years preceding* the year of assessment." (emphasis supplied)

If the pertinent language of the second requirement ("during the ten years preceding") is construed to mean "during *each* of the preceding ten years," the statute would present an almost insoluble inconsistency. "Classification" as agricultural land requires action by the county assessor (or by some appellate tribunal); to be "eligible" for agricultural classification, however, depends, primarily, on use of the land. Hence, if the ten-year requirement of "eligibility for classification" refers to use of land for a *continuous* period of ten years, such requirement would completely engulf the first requirement of two years' usage, rendering that requirement meaningless.

■ We conclude, therefore, that the second, ten-year requirement must be interpreted to mean that the land was classified, or eligible for classification, as agricultural land at *some time* during the preceding ten years, not for the whole of that period. While such interpretation does not remove all possibility of conflict between the two statutory provisions, it substantially reduces that possibility.

This interpretation is the one placed on the statute by the state property tax administrator, and the General Assembly was aware of it at the time of this section's most recent amendment. *See* Testimony of Property Tax Administrator on S.B. 6, before House Finance Committee, 59th General Assembly, 1st Session (April 18, 1983).

■ Hence, if a property's agricultural use ceases, that property may, nevertheless, be again classified as agricultural land if it is used for such purpose for three years within ten years from the date of the original abandonment of that use.

Nevertheless, pursuant to the first requirement of § 39–1–102(1.6), C.R.S. (1994 Repl.Vol. 16B), it is necessary to determine the land's use, not just for the tax year in issue, but also in each of the preceding two years. Unlike most, if not all, other proceedings involving the proper classification of real property for *ad valorem* tax purposes, the issue presented requires a determination of circumstances existing, not just in the current tax year, but in preceding years.

Here, petitioners argue and the BAA apparently determined that it could go behind the 1994 arbitration decision and decide for itself whether Lot 162 had been used as agricultural land during the 1994 tax year. We disagree.

We first note that the fact that the ultimate decision with respect to the proper classification for Lot 162 for 1994 was made by an arbitrator, rather than by another properly constituted tribunal with jurisdiction over the subject, is largely irrelevant.

■ If, as occurred here in 1994, a local board of equalization denies a taxpayer's protest and appeal, that taxpayer may have that decision reviewed either by the local district court, by the BAA, or by an arbitrator. Section 39–8–108, C.R.S. (1994 Repl.Vol. 16B). While the extent to which the decision of each of these tribunals may be reviewed by the courts may vary, *see* § 39–8–108.5(3)(g), C.R.S. (1994 Repl.Vol. 16B) (decision of arbitrator is "final and not subject to review"), the legal effect of the decision rendered by any of them is the same. *See D.C. Burns Realty & Trust v. Jefferson County Board of County Commissioners*, 849 P.2d 900 (Colo. App.1992).

■ The issue presented here, then, would be the same whether the 1994 classification decision had been rendered by a district court or by the BAA, rather than by an arbitrator. And, that issue is whether, in determining a parcel's proper classification for the present assessment year, the BAA may reject a final decision previously rendered by an appropriate tribunal as to the parcel's use during a previous tax year and re-visit that issue. We conclude that it may not.

■ We recognize that any hearing before the BAA is *de novo. Board of Assessment Appeals v. Valley Country Club*, 792 P.2d 299 (Colo.1990). And, a decision with respect to a previous tax year is not binding with respect to the issues presented in a protest of the assessment for a later year. *See Guest Mansions, Inc. v. Arapahoe County Board of Equalization*, 899 P.2d 944 (Colo. App.1995) (BOE's decision that property was exempt in previous year does not collaterally

estop it from concluding that it was not exempt for later year); *Weingarten v. Board of Assessment Appeals*, 876 P.2d 118 (Colo. App.1994) (while evaluation decision for previous year not conclusive, BAA may consider it as part of evidence of value in later year). *See also D.C. Burns Realty & Trust v. Jefferson County Board of County Commissioners, supra* (arbitration decision rendered in protest and adjustment proceedings not binding under statutorily authorized abatement and refund proceedings for same tax year).

However, these results have obtained because the issues decided in the previous decision differed from the issues that were presented later. The question of the value of a parcel as of January 1 of one tax year, for example, is an issue different from the question of its value on the first day of some later tax year.

Moreover, the questions presented in most classification disputes relate only to a single tax year, and the status or value of the property in earlier tax years is of only indirect relevance. *See Weingarten v. Board of Assessment Appeals, supra.*

However, if, as here, the question presented is whether the land qualifies as "agricultural land" under the statutory definition, that definition requires consideration of its use both in the assessment year at issue and during each of the preceding two years. If there has been a previous final decision by a proper tribunal upon its use in any of those previous years, then the issue previously decided will, to that extent, be identical to one of the issues presented in the present proceedings.

■ Given these circumstances, we conclude that petitioners were collaterally estopped from re-litigating the issue of the use of Lot 162 during the tax year 1994. *See Leahy v. Guaranty National Insurance Co.*, 907 P.2d 697 (Colo.App.1995) (arbitrator's decision with respect to willfulness of insurer's actions binding in later court proceedings).

Further, if the arbitrator's decision is accorded the finality it demands, then it necessarily follows that Lot 162 was not used as agricultural land in each of the two years immediately preceding tax year 1995, the

year of assessment. Hence, it could not, as a matter of law, be classified as agricultural land under § 39–1–102(1.6)(a) for that year.

Of course, if Lot 162 is again used for agricultural purposes, starting in 1995 or in any later year, nothing within the 1994 arbitration award would prohibit any tribunal from making such a finding.

## II. *Lot 161*

■ The BOE also contends that there was insufficient evidence submitted to support the BAA's conclusion that, for tax year 1995, Lot 161 was agricultural land. We disagree.

Petitioners presented evidence that Lot 161, which contains approximately 61 acres, together with Lot 162, containing about 70 acres, had been owned by a family who also owned other adjoining ranch land to the south and west. Apparently BOE does not contest the testimony from the manager of this ranch that, prior to these two properties' subdivision and sale to the present owners, Lot 161 was used as a part of the overall ranch operation for the grazing of sheep. Indeed, until tax year 1995, the county classified Lot 161 as agricultural land, based on its use for such purpose.

Testimony from the ranch owner was that, while Lot 161 was sold to the present owners in 1993, a grazing lease was executed, allowing sheep grazing on Lot 161, and that this activity continued in essentially the same way as it had prior to the parcel's sale.

Evidence from the BOE, in contrast, was that, because of the topography of and growth upon Lot 161, much of it was unusable for grazing. In addition, a county representative testified that, while he had made several visits to the property to inspect it, he had not seen any sheep on the property.

All of this evidence presented a factual question, involving credibility assessments, among other considerations, for resolution by the BAA. In resolving this question, the BAA credited petitioners' evidence that Lot 161 had been used for agricultural purposes for a number of years. *See Douglas County Board of Equalization v. Clarke,* 921 P.2d 717 (Colo.1996) (whether a single parcel should be considered as a part of a larger "functional parcel" is a question of fact for the BAA).

We cannot say that this evidence was insufficient to support the BAA's decision. Hence, that decision must be affirmed by us. *See Board of Assessment Appeals v. Colorado Arlberg Club,* 762 P.2d 146 (Colo.1988).

The order of the BAA reversing the decision of the BOE with respect to the classification of Lot 161 for the tax year 1995 is affirmed; its decision reversing the BOE's classification of Lot 162 for tax year 1995 is reversed, and the cause is remanded to the BAA with directions to deny petitioner's appeal with respect to that decision.

MARQUEZ and TAUBMAN, JJ., concur.