**E.R. SOUTHTECH, LTD.,**
**Petitioner–Appellee,**

and

**The Colorado Board of Assessment**
**Appeals, Appellee,**

v.

**ARAPAHOE COUNTY BOARD OF**
**EQUALIZATION, Respondent–**
**Appellant.**

**No. 97CA0991.**

Colorado Court of Appeals,
Div. IV.

June 25, 1998.

As Modified on Denial of Rehearing
Aug. 20, 1998.

Certiorari Denied March 15, 1999.

Downey & Knickrehm, P.C., Thomas E. Downey, Jr., Henry J. Rickelman, Denver, for Petitioner–Appellee.

No Appearance for Appellee The Colorado Board of Assessment Appeals.

Arapahoe County Attorney's Office, Kathryn L. Schroeder, County Attorney, Ronald A. Carl, Assistant County Attorney, Littleton, for Respondent–Appellant.

Opinion by Judge RULAND.

In this real estate tax case, respondent, the Arapahoe County Board of Equalization (BOE), appeals from an order of the Board of Assessment Appeals (BAA) determining the allocation of residential and commercial use for the 1995 tax year on property owned by petitioner, E.R. Southtech, Ltd. (taxpayer). We affirm.

The subject property is a rental complex consisting of 10 separate buildings, each containing 12 housing units. The units are used to provide both short-term and long-term accommodations. For the 1995 tax year, the BOE valued the property at $4,142,342. That value has not been challenged.

The BOE also assigned a mixed-use classification to the property, with 21% of the value allocated to residential use and 79% of the value allocated to commercial use.

In its appeal to the BAA, taxpayer requested modification of the value allocated to the residential and commercial components of the mixed use classification. In support of its request, taxpayer presented evidence derived from its records showing the breakdown over a period of several years between the short-term occupancy of its units of under 30 days and longer-term stays of 30 days or more. The latter use was characterized as apartment-type residential use.

Based on this methodology, taxpayer's expert testified that there had been a clear trend toward 50% residential use and 50% commercial hotel use, and that a 50–50 allocation would be appropriate.

In contrast, the BOE argued at the BAA hearing that the property should be classified as 100% commercial based on its use as a hotel. Although the BOE had assigned a mixed-use classification to the property for several preceding years, its expert testified that, in his view, this classification was improper. Rather, based on his interpretation of various statutory provisions, the BOE's expert opined that the subject property should be classified entirely as commercial because its predominant use was as a hotel.

Following the hearing, the BAA ordered the BOE to adjust the 1995 allocation of value to 50% residential use and 50% commercial use. The BAA rejected the BOE's legal position that the partial use of the subject property as a hotel precluded any residential use allocation. Rather, the BAA concluded that a mixed-use classification between residential and commercial was both permissible and appropriate and that taxpayer's 50–50 allocation was supported by the evidence presented.

I.

■ The BOE first contends that the BAA erred in failing to classify the property as entirely commercial as a matter of law based on its use as a hotel. We are not persuaded.

■ The ultimate determination as to the appropriate classification of property for property tax purposes involves mixed issues of law and fact. Thus, under the applicable standard of review, the BAA's classification determination must be sustained if it has a reasonable basis in law and is supported by substantial evidence in the record as a whole. *See* §§24–4–106(7) & 24–4–106(11)(e), C.R.S. 1997; *Board of Assessment Appeals v. AM/FM International,* 940 P.2d 338 (Colo. 1997).

Under the provisions of the Colorado Constitution, "residential real property" is valued for assessment for property tax purposes at a lower rate than commercial property, but these provisions specifically state that residential real property "shall not include hotels and motels." Colo. Const. art. X, §3(1)(b). Similarly, the term "residential real property" is defined in the statutory scheme governing property taxation as meaning "residential land and residential improvements," but it "does not include hotels and motels." Section 39–1–102(14.5), C.R.S.1997.

For property tax purposes, the term "hotels and motels" is statutorily defined, in pertinent part, as meaning "establishments which are primarily engaged in providing lodging ... and which are predominantly used on an overnight or weekly basis." Section 39–1–102(5.5), C.R.S.1997.

Under the foregoing provisions, it is undisputed that, to the extent the property was used as a "hotel," it cannot be classified as residential property as a matter of law.

However, as noted by the BAA, the referenced provisions do not address the issue of mixed uses of property, which is addressed in § 39–1–103(9), C.R.S.1997. Under § 39–1–103(9)(a), C.R.S.1997, if a particular improvement "is used as a residential dwelling unit and is also used for any other purpose," the statute requires that "each portion" of the property must be "allocated to the appropriate classes" and valued accordingly for property tax purposes.

Hence, contrary to the BOE's argument, we agree with the BAA that if, as here, property is partially put to residential use and partially put to commercial hotel use, a mixed-use classification and allocation is appropriate.

■ As further support for this conclusion, we note that the primary factor to be considered in determining the proper classification for property tax purposes is the actual use of the · property on the relevant assessment date. *See Mission Viejo Co. v. Douglas County Board of Equalization,* 881 P.2d 462 (Colo.App.1994); *Gyurman v. Weld County Board of Equalization,* 851 P.2d 307 (Colo. App.1993); *see also* 2 *Assessors Reference Library* §VI at 6.1 (revised 8–95).

We find further support for the BAA's determination that a mixed use classification was appropriate in the reference manuals published by the Property Tax Administrator (PTA). Based on § 39–1–103(9), the PTA's manuals provide, in pertinent part, that: "[i]f a residential use exists within a commercial property, the residential use *must* be abstracted as residential at the prevailing residential percentage," and that the commercial use or uses can only be determined "[o]nce the residential use has been separated." 2 *Assessors Reference Library* § VI at 6.16 (revised 8–95) (emphasis in original).

■ In this context, we note that the interpretations of these statutes by the PTA and the BAA, as agencies charged with their administration, must be given appropriate deference by this court unless those interpretations are clearly in error. *See El Paso County Board of Equalization v. Craddock,* 850 P.2d 702 (Colo.1993); *Mission Viejo Co. v. Douglas County Board of Equalization, supra.* We find no such error here.

Finally, and contrary to the BOE's contention, we view the holding in *Manor Vail Condominium Ass'n v. Board of Equalization,* 956 P.2d 654 (Colo.App.1998) as consistent with the result reached here. There, a division of this court upheld the commercial classification of a condominium association restaurant and a residential classification for the condominium units, thus approving a mixed-use classification within the same property. To the extent that the opinion refers to a classification for residential use as requiring that use to be predominant, we view the statement as dictum.

## II.

■ We also perceive no error in the BAA's implicit determination that the longer-term rental use of a certain percentage of the units for extended stays of 30 days or more constituted a residential use.

In this regard, we note that apartments are classified as residential property for property tax purposes. *See 2 Assessors Reference Library* §VI at 6.11–6.13 (revised 8–95); *see also Jensen v. City & County of Denver*, 806 P.2d 381, 385 (Colo.1991) (under property tax scheme, "[a]partments and boarding/rooming houses used on a long term basis do not come within the definitions of hotel and motel and properly are included within the definition of residential property").

Further, the distinction between rentals of accommodations for less than 30 days or for 30 days or more is recognized for sales tax purposes. As a result, under the sales tax scheme, the amounts paid for rooms or accommodations are subject to sales tax unless the rental period extends for 30 or more consecutive days, in which case the rental paid is exempt from sales tax. *See* §§ 39–26–102(11), 39–26–104(1)(f), & 39–26–114(1)(a)(VI), C.R.S.1997; Department of Revenue Regulations 26–104.1(f) & 26–114.1(a)(VI), 1 Code Colo. Reg. 201–4.

Here, taxpayer's sales tax records formed the basis for its evidentiary presentation to the BAA showing the mixed use breakdown of the property between the hotel-type commercial uses consisting of stays of under 30 days and the apartment-type residential uses consisting of stays of 30 days or more.

Accordingly, we conclude that the BAA's ruling assigning a mixed-use classification to the subject property based on the breakdown between stays of less than 30 days and stays of 30 days or more is supported by the evidentiary record and has a reasonable basis in law. *See* § 39–1–103(9). Thus, under the applicable standard of review, the BAA's classification determination will not be disturbed on review. *See* §§ 24–4–106(7) & 24–4–106(11)(e); *Board of Assessment Appeals v. AM/FM International, supra.*

## III.

To the extent that the BOE also challenges the BAA's 50–50 allocation between the residential and commercial uses, we reject this contention as well.

■ In our view, the determination as to the appropriate allocation percentages to be assigned to the residential and commercial uses of the property was a question of fact for the BAA to decide, based on its evaluation of the evidence presented. Because the BAA's factual determination in this regard is supported by competent and substantial evidence in the record as a whole, its ruling will not be disturbed on review. *See* §§ 24–4–106(7) & 24–4–106(11)(e); *Gyurman v. Weld County Board of Equalization, supra.*

We have also considered and find unpersuasive the BOE's remaining contentions of error.

Order affirmed.

CASEBOLT and ROY, JJ., concur.