**ABERDEEN INVESTORS, INC.,**
Petitioner–Appellee,

v.

**ADAMS COUNTY BOARD OF COUNTY COMMISSIONERS, Respondent–Appellant,**

and

**Colorado State Board of Assessment Appeals, Appellee.**

No. 09CA0424.

Colorado Court of Appeals,
Div. VI.

Nov. 25, 2009.

No Appearance for Petitioner–Appellee.

Hal B. Warren, County Attorney, Jennifer M. Wascak, Deputy County Attorney, Nathan J. Lucero, Assistant County Attorney, Brighton, Colorado, for Respondent–Appellant.

John W. Suthers, Attorney General, Denver, Colorado, for Appellee.

Opinion by Judge HAWTHORNE.

In this property tax case, Adams County Board of County Commissioners (the county) appeals the State Board of Assessment Appeals' (BAA) order requiring the county to reclassify as agricultural 14 real property parcels, totaling approximately 220 acres, in Commerce City (the property) belonging to Aberdeen Investors, Inc. (taxpayer). We affirm.

## I. Background

Taxpayer purchased the property on March 19, 2004. No farming or grazing activities occurred on it in 2004. On July 1, 2005, taxpayer leased the property to a cattle company. The company immediately commenced grazing cattle on the property and continued doing so throughout the remaining 2005 grazing season. It also grazed cattle on the property during the 2006 and 2007 grazing seasons and used it for supplemental feeding outside those seasons.

The Adams County assessor classified the property as vacant land for tax year 2007. Taxpayer challenged that classification and appealed to the BAA. In its order, the BAA concluded that grazing and feeding cattle on the property from July 1, 2005 through 2007 constituted agricultural usage for the previous two years under section 39–1–102(1.6)(a)(I), C.R.S.2009, and therefore ordered the county to reclassify the property as agricultural for tax year 2007.

## II. Standard of Review

A reviewing court must give appropriate deference to the BAA's interpretation of property tax statutes unless those interpretations are clearly erroneous. *E.R. Southtech, Ltd. v. Arapahoe County Bd. of Equalization,* 972 P.2d 1057, 1059 (Colo.App. 1998); *see also Tivolino Teller House, Inc. v. Fagan,* 926 P.2d 1208, 1215 (Colo.1996) ("courts generally give deference to administrative interpretations of statutes by the agencies charged with their administration and enforcement"). Although the agency's construction is entitled to deference, courts are not bound by it where the result is inconsistent with the legislative intent manifested in the statutory text. *Boulder County Bd. of Equalization v. M.D.C. Constr. Co.,* 830 P.2d 975, 981 (Colo.1992).

Because appropriately classifying property for tax purposes involves mixed legal and factual issues, the BAA's classification order must be sustained if it has a reasonable basis in law and is supported by substantial evidence in the record as a whole. *E.R. Southtech,* 972 P.2d at 1059. However, the agency's statutory interpretations are not binding on a reviewing court because courts decide legal issues, *Huddleston v. Grand County Bd. of Equalization,* 913 P.2d 15, 17 (Colo.1996), and a "reviewing court must set aside a BAA decision if it reflects a failure to abide by the statutory scheme for calculating property tax assessments." *Home Depot USA, Inc. v. Pueblo County Bd. of Comm'rs,* 50 P.3d 916, 918 (Colo.App.2002).

## III. Analysis

The county contends the BAA erred in ordering it to reclassify the property as agricultural. We disagree.

■ To qualify as "agricultural land" under section 39–1–102(1.6), C.R.S.2009, the land must (1) be presently used as a farm or ranch; (2) have been so used during the two-year period prior to the assessment; (3) have been classified or eligible for classification as agricultural land during the ten years preceding the assessment year; and (4) continue to have actual agricultural use. *M.D.C. Constr. Co.*, 830 P.2d at 980–81. "Ranch" is defined as "a parcel of land which is used for grazing livestock for the primary purpose of obtaining a monetary profit." § 39–1–102(13.5), C.R.S.2009.

The parties do not dispute that taxpayer satisfied the first, second, and fourth elements. Thus, the only issue here is whether taxpayer satisfied the statutory requirement that the property be "used the previous two years ... as a farm or ranch." § 39–1–102(1.6)(a)(I).

■ When interpreting statutes, we seek to give effect to legislative intent by affording statutory terminology its commonly accepted meaning. *M.D.C. Constr. Co.*, 830 P.2d at 980. When the language is plain, we will not subject it to a strained or forced interpretation. *Id.* We construe the tax statute as a whole to give a consistent, harmonious, and sensible effect to all its parts. *Welby Gardens v. Adams County Bd. of Equalization*, 71 P.3d 992, 995 (Colo.2003).

■ The county argues that section 39–1–102(1.6)(a)(I) requires land be used continuously as a farm or ranch for at least two years preceding a January 1 assessment date to be classified as agricultural land. We disagree.

To classify land as agricultural, section 39–1–102(1.6)(a)(I) requires that the land "was used the previous two years and presently is used as a farm or ranch." As the BAA noted, there is no statutory requirement that the property be used *throughout* the previous two years as a farm or ranch. The BAA also observed that agricultural classification is unique in property taxation because using a property as a farm or ranch seldom occurs on January 1. A county agricultural appraiser testified that growing seasons vary throughout the counties and each year has its own grazing and growing season. Moreover, the legislature recognized that portions of a ranch may not be used for grazing in a particular year. *See Douglas County Bd. of Equalization v. Clarke*, 921 P.2d 717, 723 (Colo.1996) (legislature anticipated that a taxpayer would not necessarily graze every parcel in a year and therefore provided an exception to the grazing requirement for land in the process of being restored through conservation practices). Thus, the plain meaning of section 39–1–102(1.6)(a)(I) does not mandate the county's proposed interpretation.

The county's proposed interpretation also conflicts with existing case law. In *Clarke*, our supreme court held that "for a piece of land to be classified as agricultural land for ... tax purposes, section 39–1–102(1.6)(a)(I) ... requires that it be a parcel of land ... used as a farm or ranch ... *in both the prior two tax years* and the tax year at issue." 921 P.2d at 721 (emphasis added). Similarly, the court stated in *M.D.C.*, "To qualify as 'agricultural land' under subsection (1.6), the land must be presently *used* as a farm or ranch ... [and] must have been *so used during* the two-year period prior to the assessment." 830 P.2d at 980–81 (emphasis added). Thus, cases interpreting subsection (1.6) support the BAA's interpretation that a property is properly classified as agricultural if it was used as a farm or ranch for the current tax year and during the two tax years preceding the assessment.

The county's reliance on *Von Hagen v. Board of Equalization*, 948 P.2d 92, 94 (Colo.App.1997), as support for its contention that subsection (1.6) requires full and continuous agricultural use for the entire two-year period is misplaced. In that case, a division of this court interpreted subsection (1.6)'s requirement that land "must have been classified or eligible for classification as 'agricultural land' ... during the ten years preceding the year of assessment" to mean that "the land was classified or eligible for classification, as agricultural land at *some time* during the preceding ten years, not for the whole of that period." *Id.* The county maintains that the absence of the word "during" from the phrase "used the previous two

years" reflects the legislature's intent that a property must be used as a farm or ranch for two full and continuous years to be classified as agricultural. We are not persuaded.

If subsection (1.6) required the land to have been "used *during* the previous two years ... as a farm or ranch," we would interpret it to mean that land had to be used for farm or ranch purposes *at some time* during the preceding two years, but not necessarily during each of the preceding two years. *See id.* Accordingly, we reject the county's argument and agree with the BAA's conclusion that section 39–1–102(1.6)(a)(I) requires that property be used as a farm or ranch during each of the preceding two years and the present tax year. *See Clarke*, 921 P.2d at 720 (holding that section 39–1–102(1.6)(a)(I) "requires ... that actual grazing take place in the tax years in question unless the reason for the non-use relates to conservation of the land").

■ The county further argues that an agricultural use which commences mid-year cannot count as the first year of the two-year requirement under section 39–1–102(1.6)(a)(I). We disagree.

The county maintains that the *Assessor's Reference Library (ARL)* supports its position. According to the *ARL*, a property's classification is determined by its use on the assessment date. 2 *ARL: Administrative and Assessment Procedures* § 1.1 (rev.Apr. 2006). "When the *use* of a property changes after January 1, the assessment date, the *classification* assigned to the property as of January 1 remains in place until the following January. This includes a class or subclass change mid-year." *Id.* at § 6.6 (emphasis added).

However, as the BAA pointed out, that same chapter contains a specific "Agricultural Property" section, which provides that to be classified as agricultural, land must be used as a farm or ranch pursuant to section 39–1–102(3.5) and (13.5), and "[t]he use must have been the same for at least the two prior years." *Id.* at § 6.30 (now § 6.33, as revised Oct. 2009). Because the property was used as a ranch for the two preceding tax years and in 2007, the *ARL* supports the BAA's

order to reclassify the property as agricultural.

The county also argues that *Johnston v. Park County Board of Equalization*, 979 P.2d 578 (Colo.App.1999), provides further support for its contention that 2005 should not have counted as the first year of agricultural use. In that case, the taxpayers lost agricultural classification because there was no apparent plan to return the property to actual agricultural use after the lots were enrolled in a conservation plan. *Id.* at 579. A division of this court rejected the taxpayers' argument that they were deprived of the opportunity to shape their property's use to maintain agricultural classification status because they did not receive notice of a change in classification status by May 1. *Id.* at 581. The division reasoned, "[C]lassification is based on the use and characteristics of the property as of the assessment date, i.e., January 1, of the tax year, and taxpayers therefore would have to have used the property for agricultural purposes by that date to qualify for agricultural classification." *Id.*

The county's reliance on *Johnston* does not acknowledge the distinction between "use" and "classification." The proper inquiry under subsection (1.6) is the property's use during the preceding two tax years, and agricultural use commenced in July 2005. Although January 1 is the relevant date for *classification* purposes, the property was still *used* for agricultural purposes in 2005. Moreover, as the BAA pointed out, if the legislature intended qualifying agricultural uses to be in place by January 1 for each of the two preceding years, it could have so stated. Because section 39–1–102(1.6) requires two years of agricultural "use," we agree with the BAA's conclusion that 2005 qualified as the first year of agricultural use.

■ Next, the county contends that the BAA erred in not giving appropriate deference to the Property Tax Administrator's interpretation of section 39–1–102(1.6)'s two-year requirement. We are not persuaded.

The Property Tax Administrator (PTA) issued a memorandum to the Adams County Assessor and distributed it to the Adams County Attorney. The memorandum con-

cluded that under section 39–1–102(1.6)(a)(I) "land does not qualify for its first year of eligibility for agricultural classification until January 1st of the year that the actual use is occurring." According to this interpretation, the first year of agricultural use for classification purposes here would be 2006, and if the property continued to be used as a farm or ranch, it would be classified as agricultural in 2008.

When construing a statute, courts defer to the statutory interpretation provided by the officer or agency charged with its administration. *El Paso County Bd. of Equalization v. Craddock*, 850 P.2d 702, 705 (Colo.1993). Thus, reviewing courts generally afford the BAA's and PTA's interpretations of tax statutes deference because they are charged with administering the tax code. *E.R. Southtech*, 972 P.2d at 1059.

Here, the BAA's and the PTA's interpretations of subsection (1.6) conflict. For the reasons discussed above, we are persuaded that the BAA's interpretation is correct.

The county maintains that we should defer to the PTA's interpretation. However, in the cases cited by the county, reviewing courts deferred to the PTA's interpretations embodied in the *ARL* manuals. *Huddleston*, 913 P.2d at 17 (the PTA's interpretation of property tax statutes as embodied in the *ARL* manuals should be given appropriate deference when the statute before the court is subject to different reasonable interpretations and the issue comes within the administrative agency's special expertise); *Jefferson County Bd. of County Comm'rs v. S.T. Spano Greenhouses, Inc.*, 155 P.3d 422, 425 (Colo.App.2006) (the PTA's interpretation of property tax statutes is embodied in the *ARL* manuals).

The BAA gave "little weight" to the PTA's memorandum because it was not published in the *ARL*. For interpretations to be published in the *ARL*, and therefore binding on all counties, a position is drafted, sent to the Statutory Advisory Committee for approval, and then sent to Legislative Legal Services, as required by statute. § 39–2–109(1)(e), C.R.S 2009 ("the administrator shall have and exercise authority to … prepare and publish from time to time manuals, appraisal

procedures, and instructions, after consultation with the advisory committee to the property tax administrator and the approval of the state board of equalization, concerning methods of appraising and valuing land, improvements, personal property, and mobile homes and to require their utilization by assessors in valuing and assessing taxable property").

Here, the PTA's position appeared in a memorandum issued to Adams County without undergoing the review process detailed in section 39–2–109(1)(e). Because the PTA's interpretation was not embodied in the *ARL*, the BAA did not err in declining to defer to it. *Cf. Craddock*, 850 P.2d at 705 (finding PTA's interpretation embodied in the *ARL* "persuasive"); *see also S.T. Spano Greenhouses, Inc.*, 155 P.3d at 425 (deferring to agency interpretation embodied in the *ARL* ).

While the PTA's interpretation did not undergo the statutory review process required for publication in the *ARL*, the BAA's order reflected its interpretation of subsection (1.6) embodied in its other opinions. The BAA's order states, "The Board historically has looked to agricultural activity during the previous two tax years when addressing whether a property should be classified as agricultural, with no mention of January 1 two years prior to the assessment date." Thus, the BAA's interpretation embodied its consistent application of subsection (1.6) in opinions; in contrast, the PTA's position appeared in a memorandum issued to the county without undergoing the statutory review process required for appearing in the *ARL*. Accordingly, we conclude that the BAA's interpretation is entitled to greater deference.

Moreover, for the reasons discussed, the PTA's and county's interpretation is inconsistent with the statutory text. *See M.D. C. Constr.*, 830 P.2d at 981 (reviewing court is not bound by an agency interpretation that is contrary to the legislative intent as manifested in statutory text). We agree with the BAA's analysis that the property qualified for agricultural classification in tax year 2007

because the property was used for grazing and feeding from July 1, 2005 through 2007.

The order is affirmed.

Judge LOEB and Judge LICHTENSTEIN concur.