The summaries of the Colorado Court of Appeals published opinions constitute no part of the opinion of the division but have been prepared by the division for the convenience of the reader. The summaries may not be cited or relied upon as they are not the official language of the division. Any discrepancy between the language in the summary and in the opinion should be resolved in favor of the language in the opinion.

SUMMARY
May 17, 2018

## 2018COA72

### No. 17CA0436, Rust v. Bd. of Cty. Commr's — Taxation — Property Tax — Residential Land

A division of the court of appeals considers whether the Board of Assessment Appeals properly determined that petitioner's vacant parcel of land should not be reclassified for tax purposes as residential property under section 39-1-102(14.4)(a), C.R.S. 2017. The only contested factor here was whether the subject parcel was "used as a unit" with the residential parcel. *Id.* Based on the facts presented, the division concludes that the use of the property described by the petitioner/landowner did not satisfy the statutory definition and, therefore, affirms the BAA's order.

COLORADO COURT OF APPEALS 2018COA72

Court of Appeals No. 17CA0436
Board of Assessment Appeals Case No. 68924

Robert W. Rust,

Petitioner-Appellant,

v.

Board of County Commissioners of Summit County, Colorado; and Board of
Assessment Appeals,

Respondents-Appellees.

ORDER AFFIRMED

Division VI
Opinion by JUDGE ASHBY
Furman and Fox, JJ., concur

Announced May 17, 2018

Ryley Carlock & Applewhite, F. Clayton, III, Denver, Colorado, for Petitioner-
Appellant

Jeffrey Huntley, County Attorney, Franklin Celico, Assistant County Attorney,
Breckenridge, Colorado, for Respondent-Appellee Board of County
Commissioners

Cynthia H. Coffman, Attorney General, Krista Maher, Assistant Attorney
General, Denver, Colorado, for Respondent-Appellee Board of Assessment
Appeals

¶ 1     Petitioner, Robert W. Rust, appeals from the order of the Board of Assessment Appeals (BAA), which affirmed the decision of the Board of County Commissioners of Summit County, Colorado, denying his request to reclassify land for tax purposes.  We affirm.

## I.  Background

¶ 2     Mr. Rust bought a parcel of residential property in Summit County, Colorado.  About a year later, he purchased the adjacent, undeveloped parcel (the subject property).  He and his family have used the two parcels, primarily as a winter vacation spot, for decades.

¶ 3     The county assessor classified the subject property as vacant land for the years 2013-2015, subjecting it to a tax rate that is nearly three times the rate for residential property.  Mr. Rust challenged that classification and sought reclassification of the subject property, asserting that both parcels should be classified as residential under section 39-1-102(14.4)(a), C.R.S. 2017.  After a hearing, the BAA denied reclassification.

## II.  Discussion

¶ 4     Mr. Rust contends that the BAA misconstrued the "used as a unit" element of section 39-1-102(14.4)(a).  We disagree.

¶ 5	Review of the BAA's decision presents a mixed question of law and fact. *Aberdeen Inv'rs, Inc. v. Adams Cty. Bd. of Cty. Comm'rs*, 240 P.3d 398, 400 (Colo. App. 2009); *Farny v. Bd. of Equalization*, 985 P.2d 106, 109 (Colo. App. 1999); *see* § 24-4-106(7), C.R.S. 2017. Thus, we defer to the BAA's factual findings, but review de novo its legal conclusions. "It is the function of the BAA, not the reviewing court, to weigh the evidence and resolve any conflicts." *Bd. of Assessment Appeals v. Sampson*, 105 P.3d 198, 208 (Colo. 2005). We will uphold the BAA's property classification "if it (1) has a reasonable basis in law and (2) is supported by substantial evidence in the record." *O'Neil v. Conejos Cty. Bd. of Comm'rs*, 2017 COA 30, ¶ 11; *see Sampson*, 105 P.3d at 208 (We will set aside the BAA's decision "only if it is unsupported by competent evidence or if it reflects a failure to abide by the statutory scheme for calculating property tax assessments.").

¶ 6	The interpretation of statutes is a legal question that we review de novo. *Lobato v. Indus. Claim Appeals Office*, 105 P.3d 220, 223-24 (Colo. 2005). In so doing, we give deference to, but are not bound by, the agency's interpretation of the statutes it is charged with administering, "provided the interpretation has a reasonable

2

basis in the law and is supported by the record." *Marshall v. Civil Serv. Comm'n*, 2016 COA 156, ¶ 9; *see BP Am. Prod. Co. v. Colo. Dep't of Revenue*, 2016 CO 23, ¶ 15; *Bd. of Cty. Comm'rs v. Colo. Pub. Utils. Comm'n*, 157 P.3d 1083, 1088 (Colo. 2007); *Aberdeen Inv'rs*, 240 P.3d at 403. Our goal is to effectuate the legislative intent, starting with the plain language of the statute. *BP Am. Prod.*, ¶ 15. If the words are unambiguous, we apply them as written. *Id.* If, however, they are reasonably susceptible of more than one meaning, we may look to extrinsic sources to aid our interpretation. *Id.*

¶ 7     Section 39-1-102(14.4)(a) provides, "'[r]esidential land' means a parcel or contiguous parcels of land under common ownership upon which residential improvements are located and that is used as a unit in conjunction with the residential improvements located thereon." In classifying land under this statute, county assessors use the Assessor's Reference Library (ARL) for guidance. The ARL further defines the "used as a unit" element of the statute as "[p]arcels of land, under common ownership, that are contiguous and used as an integral part of a residence," and it classifies such parcels as residential property. 2 Div. of Prop. Taxation, Dep't of

3

Local Affairs, *Assessor's Reference Library* 6.10 (rev. Apr. 2018). It also gives assessors four guidelines to use in applying that definition to their physical inspections of property:

> [1.] Are the contiguous parcels under common ownership?
>
> [2.] Are the parcels considered an integral part of the residence and actually used as a common unit with the residence?
>
> [3.] Would the parcel(s) in question likely be conveyed with the residence as a unit?
>
> [4.] Is the primary purpose of the parcel and associated structures to be for the support, enjoyment, or other non-commercial activity of the occupant of the residence?
>
> If answers to all of these criteria are yes, then it is likely that the parcel would fall under the residential classification.

*Id.* at 6.11.

¶ 8     Here, the parties stipulated that the residential property and the subject property are commonly owned and contiguous. The only question is whether they are "used as a unit." At the BAA hearing, Mr. Rust testified that his family uses the subject property as follows:

- to create a buffer so there is not a neighbor right next to their house;

4

- to view wildlife;

- to park his truck and trailer (at least partially);

- to ski;

- to sled;

- to store snow;

- to hike; and

- to enjoy peace and serenity.

¶ 9     The assessor said she saw no evidence that the subject property was an integral part of the residence.  She noted several times that it is a lovely piece of property and that if the subject parcel and the residential parcel were a single parcel, there would be no question that the entire parcel would then be residential. However, she testified that she visited the property four times in five months and, based on her inspections during those visits, the truck appeared to be parked on the residential lot and the snow storage area also appeared to be on the residential lot.  She said there were no footprints or tracks on the subject property that would indicate it had been used for hiking, sledding, or skiing and, furthermore, the topography of the lot (it is heavily treed and very steep) would greatly limit those activities.  Her testimony and conclusion, which

the BAA credited and with which it ultimately agreed, was that whatever use the Rusts made of the subject property, it was not integral to the residential property and failed to support reclassification as residential property under the statute.

¶ 10   Existing case law on this subject is sparse, but the few cases that address the issue hold that more than occasional use and peace and serenity are required to classify an adjacent, undeveloped lot as residential. *See, e.g.*, *Fifield v. Pitkin Cty. Bd. of Comm'rs*, 2012 COA 197, ¶¶ 2-4 (the property's only ingress and egress was on the subject lot); *Sullivan v. Bd. of Equalization*, 971 P.2d 675, 676 (Colo. App. 1998) (The subject parcel may be classified as residential if it has "residential improvements other than a dwelling unit and [is] used as a unit in conjunction with a residential dwelling unit located on a contiguous parcel that is under common ownership with the subject parcel."). And here, we need not decide whether residential improvements are required for residential classification because no improvements were present and, based on the assessor's testimony, the subject parcel was also not used in conjunction with the residential property. *Compare Fifield*, ¶ 13, *with Sullivan*, 971 P.2d at 676. So, under either the

*Fifield* or the *Sullivan* standard, the subject property here would not have qualified for residential classification.[1]

¶ 11 And, we reject Mr. Rust's contention that we should apply the same standard for multiple parcels of land that we apply to single parcels. As the assessor herself pointed out, if this were a single parcel, the entire parcel would likely be classified as residential. *See Farny*, 985 P.2d at 110; *Gyurman v. Weld Cty. Bd. of Equalization*, 851 P.2d 307, 308-09 (Colo. App. 1993). But, since it is not, we do not believe the single parcel standard should apply. The additional requirement for multiple parcels – that the subject parcel be integral to the residential parcel – is reasonable. This requirement is unnecessary where there is only one parcel because the parcel is already integrated by virtue of its inherently unified character. Thus, the use of the additional guidelines provided on page 6.11 of the ARL to classify such parcels is reasonable. *See Marshall*, ¶ 9.

---

[1] We also decline to decide the scope of what use constitutes sufficient use of the vacant lot to qualify as being used as a unit for residential classification. Our conclusion here is based on the facts before us.

¶ 12    Therefore, we see no error in the BAA's decision to deny reclassification.

## III.  Conclusion

¶ 13    We affirm the BAA's order.

JUDGE FURMAN and JUDGE FOX concur.