**MORNING FRESH FARMS, INC.,**
Petitioner–Appellant,

v.

**WELD COUNTY BOARD OF EQUALIZATION, Weld County Assessor, and Colorado Board of Assessment Appeals,** Respondents–Appellees.

**No. 89CA0457.**

Colorado Court of Appeals,
Div. II.

March 22, 1990.

Rehearing Denied April 19, 1990.

Certiorari Denied July 23, 1990.

Stientjes and Shaddock, Harlan C. Stientjes, Greeley, for petitioner-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Larry Williams, First Asst. Atty. Gen., Denver, for respondents-appellees Colorado Bd. of Assessment Appeals.

Thomas O. David, Co. Atty., Jan Rundus, Asst. Co. Atty., Greeley, for respondent-appellee Weld County Bd. of Equalization and Weld County Assessor.

Opinion by Justice HODGES *.

Plaintiff, Morning Fresh Farms, Inc., appeals the order of the Board of Assessment Appeals (BAA) denying plaintiff's request for exemption of personal property used on its farm. We reverse.

The facts in this case are undisputed. Plaintiff owns an 800–acre farm on which corn, wheat, and alfalfa are grown on all but approximately 40 acres. On those 40 acres, plaintiff has 25 buildings housing approximately 750,000 laying hens and the equipment necessary to gather, convey, wash, candle, weigh, sort, package, and refrigerate the eggs (egg handling equipment). A small percentage of the chicken feed is produced on this farm. Plaintiff purchases day-old chicks to replace laying hens, and the replaced laying hens and chicken manure are sold. The laying hens and the chicks are kept in structures and never touch the ground.

Plaintiff applied for a personal property tax exemption for the egg handling equipment, and for the items used in cleaning the chicken houses, and vaccinating the

chickens. The BAA denied plaintiff's request for an exemption. It determined that plaintiff's "egg production, raising replacement laying hens, and the sale of fertilizer. . . ." did not fall within the definition of a farm set out in § 39–1–102(3.5), C.R.S. (1989 Cum.Supp.). The BAA concluded that: "[T]his operation is entirely separate from the [plaintiff's] farming operation: both the production of eggs and replacement laying hens are *totally self contained*. Neither the pullets nor laying hens ever touch the ground. . . ."

Plaintiff contends that the BAA erred in its conclusion that the portion of plaintiff's farm devoted to the production of eggs does not meet the definition of a farm under § 39–1–102(3.5). We agree.

Section 39–1–102(3.5) defines a farm as:

"a parcel of land which is used to produce agricultural products that originate from the land's productivity for the primary purpose of obtaining a monetary profit."

Plaintiff's chicken operation meets the statutory definition of a farm. The acreage is a "parcel of land" and is used to produce "agricultural products" as defined under § 39–1–102(1.1), C.R.S. (1989 Cum. Supp.). Under § 39–1–102(1.1), agricultural and livestock products are defined as "plant or animal products in a raw or unprocessed state which are derived from the science and art of agriculture. 'Agriculture', for the purposes of this subsection (1.1), means farming, ranching, animal husbandry, and horticulture." There is no requirement in the definition of a farm that would exclude a portion of a farm which is self-contained and within which the livestock does not touch the ground.

Here, the eggs are an "animal product" in a "raw or unprocessed state," and they are sold for a monetary profit as an agricultural product. Thus, the chicken operation falls under the statutory definition of a farm, and eggs, as agricultural products,

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const., art. VI, Sec. 5(3),

and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

emanate from the productivity of this farm's land.

Colo.Const. art. X, § 3(1)(c) provides:

"The following classes of personal property, as defined by law, shall be exempt from property taxation: ... livestock; agricultural and livestock products; and agricultural equipment which is used on the farm or ranch in the production of agricultural products."

Hence, this constitutional provision and the relevant statutes, when viewed as a whole, clearly provide that the personal property in issue here is "agricultural equipment which is used on a farm or ranch in the production of agricultural products."

If, as here, the facts are not disputed, but the law was erroneously applied to the facts, the order will not be upheld on review. *See Raynor Door, Inc. v. Charnes,* 765 P.2d 650 (Colo.App.1988).

The order is reversed, and the cause is remanded with directions to enter an order exempting the subject personal property used in plaintiff's chicken operation.

SMITH and MARQUEZ, JJ., concur.