Edith CLARKE, Petitioner–Appellee,

and

Board of Assessment Appeals, Appellee,

v.

**DOUGLAS COUNTY BOARD OF EQUALIZATION, Respondent–Appellant.**

No. 93CA1743.

Colorado Court of Appeals,
Div. IV.

Nov. 3, 1994.

Rehearing Denied Dec. 15, 1994.

Certiorari Granted July 31, 1995.

Holland & Hart, Mary D. Metzger, Alan Poe, Denver, for petitioner-appellee.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Larry A. Williams, Asst. Atty. Gen., Denver, for appellee.

J. Mark Hannen, County Atty., Thomas W. McNish, Asst. County Atty., Castle Rock, for respondent-appellant.

Opinion by Judge CASEBOLT.

In this property tax case, respondent, Douglas County Board of Equalization (BOE), appeals an order of the Board of Assessment Appeals (BAA) which mandated an agricultural classification for a parcel of land owned by Edith Clarke for the tax year 1992. We affirm.

This case involves a 23.7 acre parcel of land now located within the corporate limits of the Town of Parker. Until 1990, the subject parcel was part of a larger property, used as a ranch since 1951. In 1990, Clarke sold a portion of the larger property to a third party for a manufacturing and distribution facility, which resulted in the platting of the subject parcel as a subdivided lot.

Later in 1990, Clarke leased the subject parcel and other property she owned or controlled to lessee, a horse trainer and cattle rancher. The subject parcel is contiguous to the other property leased, but is separated by a roadway.

Lessee testified that he intended to and did use the subject parcel to support his horse and cattle business during the winter months, although he acknowledged that in 1991 no horses or cattle grazed on it.

It is undisputed that the lease was a bona fide grazing lease, that lessee intended to use the land for the purpose of earning a profit in his agricultural business, and that the lease was the result of arm's-length negotiations between lessee and Clarke.

Under the lease, lessee was to pay rent based on his actual use of all of the land. No income from any other source was received by Clarke for the subject parcel.

In 1991, the Douglas County Assessor reclassified the subject parcel as commercial vacant land. Clarke has filed a petition for abatement of taxes based on that classification which is not the subject of this appeal.

In 1992, the Douglas County Assessor again classified the parcel as commercial vacant land. Clarke appealed this classification to the BAA, which concluded that the parcel should be classified as agricultural for tax year 1992. The BOE appeals this holding.

I.

Clarke contends that this court lacks jurisdiction to consider this appeal because BOE has failed to allege an error of law. We disagree.

Absent circumstances not present here, our review of a respondent's appeal of a BAA decision is limited to an assessment of whether the respondent has alleged any procedural errors or errors of law. Section 39–8–108(2), C.R.S. (1994 Repl.Vol. 16B); *Denver v. Board of Assessment Appeals,* 848 P.2d 355 (Colo.1993).

Here, BOE argues that the BAA committed an error of law by failing to utilize an "actual agricultural use" standard. It contends the BAA improperly relied only upon the owner and lessee's intent under the grazing lease in determining whether the land qualified as "agricultural." In essence, then, the BOE contends that the BAA failed to abide by the statutory scheme and applied the wrong legal standard.

A failure by the BAA to apply the correct legal standards, or to abide by the statutory scheme, would constitute an error reviewable by this court under § 39–8–108(2), C.R.S. (1994 Cum.Supp.). *Gyurman v. Weld County Board of Equalization,* 851 P.2d 307 (Colo.App.1993); *Denver v. Board of Assessment Appeals, supra.* Therefore, we have jurisdiction to address this appeal.

## II.

BOE asserts that the BAA failed to apply the correct legal standard because it failed to require actual agricultural use of the subject property. It further asserts that the conclusion reached is contrary to the undisputed evidence and that, hence, the BAA failed to abide by the statutory scheme. We disagree with these contentions.

The General Assembly has defined "agricultural land," in pertinent part, as follows:

A parcel of land, whether located in an incorporated or unincorporated area and regardless of the uses for which such land is zoned, which was used for the previous two years and presently is used as a farm or ranch ... and the gross income resulting from such use equals or exceeds one-third of the total gross income resulting from all uses of the property during any given property tax year, or which is in the process of being restored through conservation practices. Such land must have been classified or eligible for classification as agricultural land ... during the ten years preceding the year of assessment. Such land must continue to have actual agricultural use.

Section 39–1–102(1.6)(a)(I), C.R.S. (1994 Repl.Vol. 16B).

A "farm" is defined as:

a parcel of land which is used to produce agricultural products that originate from the land's productivity for the primary purpose of obtaining a monetary profit.

Section 39–1–102(3.5), C.R.S. (1994 Repl.Vol. 16B).

A "ranch" is defined as:

a parcel of land which is used for grazing livestock for the primary purpose of obtaining a monetary profit. For purposes of this subsection (13.5), livestock means domestic animals which are used for food for human or animal consumption, breeding, draft, or profit.

Section 39–1–102(13.5), C.R.S. (1994 Repl. Vol. 16B).

■ Our supreme court held in *Boulder County Board of Equalization v. M.D.C. Construction Co.*, 830 P.2d 975 (Colo.1992), that qualification of property as "agricultural land" under § 39–1–102(1.6), C.R.S. (1994 Repl.Vol. 16B) requires that the property be presently used as a farm or ranch; have been so used during the two-year period prior to the assessment; have been classified or eligible for classification as "agricultural land" during the ten years preceding the assessment; and continue to have actual agricultural use.

■ The use of the land for monetary profit from agricultural activities, and not the owner's intentions, is the determinative factor in the classification of property as "agricultural property" for property tax purposes. *Boulder County Board of Equalization v. M.D.C. Construction Co., supra.*

However, in evaluating the actual "use" of the land, it is important to define what is meant by that term. "Use" in this context contemplates that an item is employed in accomplishing an end. *Mission Viejo Co. v. Douglas County Board of Equalization*, 881 P.2d 462 (Colo.App.1994). Therefore, in determining whether the parcel had actual agricultural use in 1991, the BAA was required to determine whether the parcel was actually employed in accomplishing agricultural ends as defined by statute.

■ Although application of the "actual agricultural use" standard by the BAA was not explicit, we conclude that its findings and order demonstrate that the BAA applied the correct standard and that its conclusions are sufficiently supported by the evidence.

Pertinent findings of fact by the BAA state, in part:

[Lessee] stated that he leases the subject property from Petitioner and uses the property to support his horse and cattle business. The subject property is used to earn a profit, and he pays rent to Petitioner. The subject property is used for winter pasture, and was used all last winter with property he leases to the north of the subject property.

In its conclusions, the BAA states:

1. Petitioner presented sufficient probative evidence and testimony to prove that

the subject property was incorrectly classified for tax year 1992.

2. .... Petitioner has a lease for the subject property, evidence indicating that there was grazing on the subject property in 1992. The lessee has leased this property and other properties to obtain a monetary profit.

These findings and conclusions indicate that the BAA required and applied an "actual agricultural use" standard by its finding that lessee "uses the property to support his horse and cattle business," and its conclusion that the lessee did in fact "leas[e] this property to obtain a monetary profit."

Moreover, the evidence in the record supports the findings and conclusions of the BAA.

 Here, pursuant to a bona fide lease, negotiated at arm's-length, the subject parcel was leased to a horse trainer and cattle rancher. Lessee paid rent for and made actual use of the subject parcel because he employed it, as a contiguous part of the land actually grazed, in accomplishing the agricultural end of grazing horses and cattle for profit. Hence, contrary to BOE's contention, the BAA did not rely solely on the intent of Clarke and lessee as expressed in the grazing lease.

The BOE complains that no grazing actually took place on this particular parcel during 1991 and that the fencing installed and modified by lessee to allow grazing on this particular parcel was not completed until 1992. This contention, in essence, seeks to impose on a landowner or lessee the burden to establish that some part of every separate parcel of a ranch, i.e., any property separated by subdivision lot lines or presumably property parcels received via separate deeds, is actually grazed by at least one animal every year. We do not read the statute or case law so narrowly as to impose such a technical obligation.

As the BAA noted:

There are times in a farming and ranching operation that *some portion* of a farm or ranch will not be used for grazing in a particular year. Most operators have excess pasture to be prepared for changes in weather and seasons. (emphasis added)

The determination of what constitutes actual agricultural use is a factual determination to be made by the BAA on the basis of all the evidence presented at the hearing. *Gyurman v. Weld County Board of Equalization, supra.* The record contains sufficient evidence supporting the BAA's implicit and explicit factual findings and conclusions that the subject property is and was employed in accomplishing livestock grazing for profit within the meaning of §§ 39–1–102(1.6)(a)(I) and 39–1–102(3.5).

Accordingly, the order is affirmed.

MARQUEZ and ROTHENBERG, JJ., concur.