**DEL MESA FARMS, Petitioner–Appellee and Cross–Appellant,**

**and**

**The Board of Assessment Appeals of the State of Colorado, Appellee,**

**v.**

**The BOARD OF EQUALIZATION OF MONTROSE COUNTY, Colorado, Respondent–Appellant and Cross–Appellee.**

**No. 97CA0686.**

Colorado Court of Appeals, Div. IV.

April 2, 1998.

William A. McLain, P.C., William A. McLain, Denver, for Petitioner–Appellee and Cross–Appellant.

No Appearance for Appellee.

Gregory D. Moxley, Montrose County Attorney, Montrose, for Respondent–Appellant and Cross–Appellee.

Opinion by Chief Judge HUME.

In this property tax case, respondent, the Montrose County Board of Equalization (BOE), appeals from an order of the Board of Assessment Appeals (BAA) which reduced the valuation placed on 56 poultry buildings owned by petitioner, Del Mesa Farms (taxpayer), for the 1996 tax year. The BAA reduced the BOE's valuation of these buildings by the amount included in that valuation attributable to certain items which the BAA classified as tax-exempt personal property, *i.e.*, agricultural equipment, rather than taxable real property fixtures. Taxpayer cross-appeals the BAA's disallowance of a further reduction in the BOE's valuation by the amount attributable to another item of personal property, which the BAA ultimately ruled had not been included in the BOE's valuation of these buildings. We affirm.

In the proceedings before the BAA, among the various components of the subject properties, only the valuation of taxpayer's poultry buildings was in dispute. Both parties relied solely on the cost approach, and the dispute centered on the appropriate replacement cost value to be placed on the buildings prior to depreciation. Taxpayer presented evidence in support of a replacement cost value of $4.40 per square foot through its expert witness, while the BOE, through its expert witness, presented evidence in support of a replacement cost value of $5.80 per square foot.

The difference between the parties' valuations was primarily based on the differences in the experts' treatment of certain components of the poultry buildings. The items in dispute were certain wooden slats used to

nest the chickens and certain fans, foggers, heaters, and water curtains used to regulate the environment of the chickens. These items had been affixed to or otherwise incorporated into the building structure.

Taxpayer's expert classified these items as personal property and consequently did not include them in valuing the poultry buildings. In contrast, the BOE's expert classified the fans, foggers, heaters, and water curtains as fixtures and consequently included these items in his valuation of the poultry buildings. However, it was unclear whether the BOE's expert included the slats in his valuation of these buildings.

Following the hearing, the BAA agreed with taxpayer's position and ruled that all of the items in dispute constituted tax-exempt personal property. In its initial order, the BAA therefore directed the BOE to provide it with adjusted valuation figures reflecting the reduction in the BOE's valuation by the amount attributable to these personal property items.

In response, the BOE submitted revised computations showing a replacement cost value of $5.10 per square foot for the poultry buildings without including the amount it had previously used attributable to the fans, foggers, heaters, and water curtains. However, over taxpayer's objection, the BOE did not further reduce its valuation of these buildings by any amount attributable to the slats, asserting that it had not included any such amounts in its original valuation.

Based on its evaluation of the conflicting evidence presented concerning this issue, the BAA ultimately ruled that the BOE's original valuation of the poultry buildings had not included any amount attributable to the slats. The BAA thereafter issued a final order reducing the valuation of the subject properties based on a replacement cost value for the poultry buildings of $5.10 per square foot, in accordance with the BOE's revised computations. The BOE's appeal and taxpayer's cross-appeal followed.

## I. The BOE's Appeal

■ Contrary to the BOE's argument, we perceive no error in the BAA's ruling reducing the valuation of the subject poultry buildings based on its classification of the fans, foggers, heaters, and water curtains as tax-exempt personal property items of business equipment, rather than as taxable real property fixtures.

Under the Colorado Constitution, certain classes of personal property are exempt from property taxation, including "agricultural equipment which is used on the farm or ranch in the production of agricultural products." Colo. Const. art. X, § 3(1)(c).

Further, in *Morning Fresh Farms, Inc. v. Weld County Board of Equalization,* 794 P.2d 1073 (Colo.App.1990), a division of this court held that certain personal property used in the taxpayer's egg production operations constituted items of such tax-exempt agricultural equipment under these provisions. *See also* § 39–1–102(1.3), C.R.S.1997 (defining "agricultural equipment which is used on the farm or ranch in the production of agricultural products" as including any "personal property" used on a farm for "raising or breeding livestock" for the primary purpose of obtaining a monetary profit).

However, under the statutory scheme governing property taxation in Colorado, agricultural real property is taxable, and "real property" is defined as including "improvements," which, in turn, is defined as including "fixtures." *See* §§ 39–1–102(7) & 39–1–102(14)(c), C.R.S.1997.

Thus, the issue as to whether the valuation of the poultry buildings should include the amount attributable to the fans, foggers, heaters, and water curtains turns on whether such items should be classified as tax-exempt "personal property" or as taxable real property "fixtures."

For property tax purposes, the term "fixtures" is statutorily defined, in pertinent part, as follows:

> ' Fixtures' means those articles which, although once movable chattels, have become an accessory to and a part of real property by having been physically incorporated therein or annexed or affixed thereto. 'Fixtures' *includes systems for the heating, air conditioning, ventilation,* sanitation, lighting, and plumbing

of such building. 'Fixtures' *does not include machinery, equipment, or other articles related to a commercial or industrial operation* which are affixed to the real property for proper utilization of such articles.

Section 39–1–102(4), C.R.S.1997 (emphasis added).

Further, the term "personal property" is statutorily defined, in pertinent part, as follows:

'Personal property' *includes machinery, equipment, and other articles related to a commercial or industrial operation* which are either affixed or not affixed to the real property for proper utilization of such articles.

Section 39–1–102(11), C.R.S.1997 (emphasis added).

■ Under these provisions, we conclude that a distinction must be drawn for classification purposes between items that are related to the operation of a building in general and items that are related to the operation of a business in the building. Thus, in our view, regardless of whether a particular item is affixed to a building and may otherwise constitute a fixture system, the item constitutes personal property if its use is primarily tied to a business operation.

We find further support for this view of the meaning of these statutory provisions in the reference manuals published by the Property Tax Administrator (PTA). In construing these statutory provisions, we note that the manuals provide, in pertinent part, that: "Personal property includes machinery, equipment, and other articles related to the *business* of a commercial or industrial operation rather than components of fixture systems which are required for the proper operation of the *improvements.*" 5 *Assessors Reference Library* § I, at 1.3 (revised 1–97); *see also Huddleston v. Grand County Board of Equalization,* 913 P.2d 15 (Colo.1996) (concerning the legal authority of statutory interpretations reflected in PTA's manuals).

Here, both parties presented evidence to the effect that the fans, foggers, heaters, and water curtains at issue, which are used to regulate the environment of the chickens in

taxpayer's poultry operations, were items necessary to have a fully functional poultry building. Also, it appears to be undisputed that these items were not used for any purpose other than the commercial poultry operations.

Under the foregoing legal standards, we conclude that the BAA's ruling classifying these items as tax-exempt personal property rather than as taxable real property fixtures is fully supported by the evidentiary record and has a reasonable basis in law pursuant to § 39–1–102(4) and (11). Thus, under the applicable standard of review, the BAA's ruling will not be disturbed on review. *See* §§ 24–4–106(7) & 24–4–106(11)(e), C.R.S.1997; *Board of Assessment Appeals v. AM/FM International,* 940 P.2d 338 (Colo.1997) (upholding BAA's denial of charitable use property tax exemption under this standard of review); *see also Morning Fresh Farms, Inc. v. Weld County Board of Equalization, supra.*

## II.   Taxpayer's Cross–Appeal

■ We reject taxpayer's argument challenging the BAA's ruling disallowing a further valuation reduction based on its finding that the BOE's original valuation of the poultry buildings had not included any amount attributable to the slats.

The BOE's evidence on this issue was internally inconsistent. As noted by the BAA, while the BOE's expert testified that the slats had been included in his valuation, he also testified that he had relied on the data of a commercial cost information service in computing the value of the subject poultry buildings. Moreover, the documentary evidence submitted in this regard included an item from this commercial service indicating that the slats may not have been included in the figures used by the BOE's expert in valuing the subject poultry buildings.

In finding that the BOE's original valuation of the poultry buildings had not included the slats, the BAA ultimately credited the documentary evidence and the general testimony of the BOE's expert regarding his use of the commercial service over the specific testimony regarding his inclusion of the slats.

The evaluation of the credibility of the witnesses and the weight to be placed on all of the evidence presented were matters solely within the province of the BAA to decide as the trier of fact, whose decisions in such matters may not be displaced on appeal by a reviewing court. Thus, contrary to taxpayer's argument, we conclude that the BAA's factual determination in this regard is supported by competent and substantial evidence in the record as a whole, and the BAA's ruling therefore will not be disturbed on review. *See* §§ 24–4–106(7) & 24–4–106(11)(e); *Weingarten v. Board of Assessment Appeals,* 876 P.2d 118 (Colo.App.1994).

Accordingly, the BAA's order is affirmed.

NEY and RULAND, JJ., concur.