David H. **FARNY** and Sharon S. Farny, **Petitioners–Appellees,**

**Colorado State Board of Assessment Appeals, Appellee,**

v.

**BOARD OF EQUALIZATION OF DOLORES COUNTY, Respondent–Appellant.**

**No. 98CA0992.**

Colorado Court of Appeals,
Div. I.

July 22, 1999.

Erie & Kennedy, Thomas G. Kennedy, Telluride, Colorado, for Petitioners–Appellees.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Eugene C. Cavaliere, Assistant Attorney General, Denver, Colorado, for Appellee Colorado State Board of Assessment Appeals.

Dyer & Dilts, P.C., Nancy Agro, Guy B. Dyer, Jr., Cortez, Colorado, for Respondent–Appellant.

Opinion by Judge CRISWELL.

In this property tax case, respondent, the Dolores County Board of Equalization (BOE), appeals from an order of the Board of Assessment Appeals (BAA) which changed the BOE's classification of certain real property owned by petitioners, David H. and Sharon S. Farny (taxpayers), from vacant to residential for the 1997 tax year. We affirm.

The subject property consists of a 320–acre parcel of mountain property upon which taxpayers built and have used a small structure. Prior to the 1997 tax year, the county assessor had classified this property as residential. In that year, however, after the assessor changed the status of the structure from a cabin to a shed, the property was reclassified as vacant. At issue in the taxpayers' appeal to the BAA was the appropriate classification of this property for that tax year, based on the character and use of the property.

At the BAA hearing, taxpayers sought residential classification and described the various characteristics of their two-story, 400–square–foot structure and the periodic use of it as a rustic dwelling place for family outings.

In contrast, the BOE asserted that the property should be classified as vacant, insisting that the structure's use was for storage. In support of this position, the BOE presented certain conflicting evidence as to the character of the structure and its use, including various statements previously made by taxpayers that were purportedly inconsistent with their testimony before the BAA.

Following the hearing, the BAA credited taxpayers' testimony and found that taxpayers and their family and friends had resided in the structure approximately 25 days every year. Noting that the assessor had not actually inspected the structure, the BAA found that, although it had no electricity or plumbing, the cabin had separate eating and sleeping areas and was heated by a wood stove.

Based on these findings, the BAA ruled that the cabin should be classified as a "minimal residential improvement" and that the land should be reclassified as residential for the 1997 tax year.

### I.

■ Taxpayers and the BAA contend that this court lacks jurisdiction to consider the issues raised on appeal by the BOE and that this appeal must, therefore, be dismissed. We disagree.

Section 39–8–108(2), C.R.S.1998, the statute that governs appeals to this court from the BAA, differentiates between an appeal by a taxpayer and an appeal by a taxing authority. That statute authorizes a taxpayer to "petition the court of appeals for judicial review according to the Colorado appellate rules and the provisions of section 24–4–106(11), C.R.S. [the Administrative Procedure Act]." The statute does not require that the taxpayer make any special showing, nor does it limit the nature of the issues that may be raised, save to the extent that § 24–4–106(7), C.R.S.1998, limits the issues that this

court may address in any review of an administrative agency's decision.

In contrast, under § 39–8–108(2), a taxing authority may have this court review the BAA's decision only if:

1. The BAA recommends that the matter is"of statewide concern or has resulted in a significant decrease in the total valuation" of the county; or

2. In the absence of such recommendation, the taxing authority petitions this court to review "alleged procedural errors or *errors of law* ...." (emphasis supplied)

This latter condition was added in 1989. Colo. Sess. Laws 1989, ch. 324 at 1459. Before this amendment, a taxing authority was limited to seeking judicial review by this court only upon an appropriate finding and recommendation by the BAA.

Clearly, therefore, the legislative intent reflected in § 39–8–108(2) prior to its amendment was to limit substantially the right of a taxing authority to appeal from an adverse decision of the BAA. Also clear is that, by its 1989 amendment to this statute, the General Assembly intended to expand the circumstances under which a taxing authority may initiate such an appeal.

What is not so clear, however, are the circumstances under which a taxing authority may now appeal such an adverse decision.

■ An appellate court has authority only to pass upon "errors of law"; it cannot act as a fact-finder. *See Page v. Clark,* 197 Colo. 306, 592 P.2d 792 (1979). Hence, this court's authority to review a decision of the BAA would have been limited to our consideration of alleged errors of law, even in the absence of the limitation contained in the 1989 amendment to § 39–8–108(2).

Further, the question whether the record evidence supports a fact-finder's findings has traditionally been considered to be a question of law. Indeed, before the adoption of the 1989 amendment here, our supreme court had held that, under § 16–12–102, C.R.S. 1998, which authorizes the prosecution in a criminal case to appeal upon any "question of law," the issue whether the evidence is legal-

ly sufficient is such a question. *People v. Gonzales,* 666 P.2d 123 (Colo.1983).

It is presumed, of course, that, when it adopted the pertinent amendment, the General Assembly was aware of the common meaning of this phrase, as well as the interpretation placed upon it by the supreme court. Hence, while it is certainly arguable that that legislative body intended to restrict in some way the right of a taxing authority to appeal to this court, we are bound to give the words found in the amendment their plain, ordinary, and common meaning. *See Gorman v. Tucker,* 961 P.2d 1126 (Colo.1998) (if legislative intent is conveyed by commonly understood and accepted language, a different interpretation will not be adopted).

While one could reasonably conclude that, even under the amended statute, the General Assembly intended to restrict in some way a taxing authority's right to appeal from an adverse BAA decision, we cannot divine the nature of the intended restriction from the words used by it. Hence, given the similarities between § 16–12–102 and the statute at issue here, both of which are designed to allow governmental authorities to appeal unfavorable decisions made by a hearing tribunal, they must be given a similar construction. We conclude, therefore, that a claim that the evidence is legally insufficient to support the BAA's decision is a claim based upon an alleged "error of law" under § 39–8–108(ь), and an appeal by a taxing authority is authorized in such cases.

In reaching this conclusion, we are mindful of *Principal Mutual Insurance Co. v. Boulder County Board of Equalization,* 890 P.2d 273, 276 (Colo.App.1994), the final paragraph of which says: "We do not address the BOE's additional contention regarding sufficiency of the evidence because it does not raise a procedural error or error of law."

That conclusion, however, appears to be in conflict with *People v. Gonzales, supra;* yet, the opinion makes no reference to that decision. And, the case that is cited, *Clarke v. Douglas County Board of Equalization,* 899 P.2d 240 (Colo.App.1994), *rev'd on other grounds,* 921 P.2d 717 (Colo.1996), does not support that conclusion. On the contrary, *Clarke* passed upon the question whether the

evidence supported the BAA's decision in that case.

In any event, to the extent that the language in *Principal Mutual Insurance Co.* may be considered to be inconsistent with our conclusion here, we decline to follow it.

Here, it is not clear whether the BOE is asserting that the evidence is insufficient to support the BAA's decision or that that tribunal applied an improper legal standard in assessing that evidence. In either case, however, we have jurisdiction to pass upon its assertion.

II.

As to the merits, we reject the BOE's contentions that the BAA committed errors of law in determining that the property should be classified as residential.

■ Initially, we note that the ultimate determination as to the appropriate classification of property for property tax purposes involves mixed issues of law and fact. Thus, under the applicable standard of review, the BAA's classification determination must be sustained if it has a reasonable basis in law and is supported by substantial evidence in the record considered as a whole. *See* §§ 24–4–106(7) & 24–4–106(11)(e), C.R.S. 1998; *E.R. Southtech, Ltd. v. Arapahoe County Board of Equalization,* 972 P.2d 1057 (Colo.App.1998); *Del Mesa Farms v. Board of Equalization,* 956 P.2d 661 (Colo.App. 1998).

■ Next, we note that the primary factor to be considered in determining the proper classification for property tax purposes is the actual use of the property on the relevant assessment date. *E.R. Southtech, Ltd. v. Arapahoe County Board of Equalization, supra; see Mission Viejo Co. v. Douglas County Board of Equalization,* 881 P.2d 462 (Colo. App.1994).

Section 39–1–102(14.3), C.R.S.1998, defines the term "residential improvements" as meaning buildings "designed for use predominantly as [places] of residency by a person, a family, or families." *See also* Colo. Const. art. X, § 3(1)(b) (residential real property includes "all residential dwelling units").

■ Under these provisions, "designed for use" means that the building at the relevant time is devoted to or intended for actual use predominantly as a place of residence. *See Manor Vail Condominium Ass'n v. Board of Equalization,* 956 P.2d 654 (Colo.App.1998); *Mission Viejo Co. v. Douglas County Board of Equalization, supra.*

In contrast, although land may be classified as "vacant" despite a "minor structure," such a structure is statutorily defined as meaning an improvement that does "not add value to the land" and is "not suitable to be used for and [is] not actually used for any commercial, residential, or agricultural purpose." Section 39–1–103(14)(c)(II)(A), C.R.S. 1998.

■ Contrary to the BOE's argument, we cannot say, as a matter of law, that the BAA erred in ruling that the cabin was a "residential improvement" for the 1997 tax year and in rejecting the BOE's position that the land was "vacant" with only a "minor structure" under the foregoing legal standards.

Rather, based on the facts as found by the BAA, the BAA could properly conclude that the cabin qualified for residential classification because taxpayers actually used it predominantly as a place of residence and it was at least minimally suitable for such residential purposes. *See* § 39–1–102(14.3); *cf. Mission Viejo Co. v. Douglas County Board of Equalization, supra.*

Further, the assessor valued the structure at some $4,000, and it cannot, therefore, be said that it did not "add value to the land." Thus, since it is supported by the evidentiary record and has a reasonable basis in law, the BAA's residential classification of the cabin will not be disturbed on review. *See* §§ 24–4–106(7) and 24–4–106(11)(e); *E.R. Southtech, Ltd. v. Arapahoe County Board of Equalization, supra; Del Mesa Farms v. Board of Equalization, supra.*

■ Similarly, we also cannot say, as a matter of law, that the BAA erred in ruling that the land should be classified as residential as well.

Pursuant to § 39–1–102(14.4), C.R.S.1998, "residential land" is defined, in pertinent part, as a parcel of land "upon which residential improvements are located and which is used as a unit in conjunction with the residential improvements located thereon." *See also* Colo. Const. art. X, § 3(1)(b).

■ Under these provisions, the determination as to the amount of acreage entitled to residential classification consistent with its use in conjunction with the residential improvements is a question of fact for the BAA to decide based on the evidence in each particular case. *See Gyurman v. Weld County Board of Equalization,* 851 P.2d 307 (Colo.App.1993).

Here, the BAA's ruling is supported by the evidence it heard and that ruling is not inconsistent with the foregoing legal standards. Indeed, based upon the evidence presented at the BAA hearing, there is no basis for saying that some part of the land was used for a different purpose. Hence, the BAA properly found that all of the land should be classified as residential based on taxpayers' use of it in conjunction with their residential use of the cabin. This aspect of the BAA's ruling will also not be disturbed on review. *See* §§ 24–4–106(7) and 24–4–106(11)(e); *Gyurman v. Weld County Board of Equalization, supra* (similarly upholding BAA's classification of taxpayer's land as residential in its entirety, and rejecting county's attempt to limit amount of such acreage).

Finally, inasmuch as we do not consider this to be a frivolous appeal, taxpayers' request for an award of attorney fees and costs pursuant to C.A.R. 38(d) is denied.

The BAA's order is affirmed.

Judge METZGER and Judge DAVIDSON concur.