**WELBY GARDENS COMPANY,**
Petitioner–Appellee,

and

**Colorado Board of Assessment
Appeals, Appellee,**

v.

**ADAMS COUNTY BOARD OF EQUALIZATION, Respondent–Appellant.**

No. 01CA0307.

Colorado Court of Appeals,
Div. V.

Jan. 3, 2002.

As Modified on Denial of Rehearing
May 23, 2002.

Certiorari Granted Oct. 28, 2002.

William A. McLain, P.C., William A. McLain, Denver, CO, for Petitioner–Appellee.

No Appearance for Appellee.

James D. Robinson, Adams County Attorney, Jennifer Wascak Leslie, Assistant County Attorney, Brighton, CO, for Respondent–Appellant.

Opinion by Judge KAPELKE.

In this property tax case, respondent, Adams County Board of Equalization (the County), appeals the order of the Board of Assessment Appeals (BAA) determining that certain real property owned by the taxpayer, Welby Gardens Company, should be classified and valued as agricultural land for purposes of ad valorem taxation. We reverse.

The property at issue (the Property) consists of two parcels of land in Adams County, which are primarily used for greenhouses and greenhouse support buildings, including an 8000–square–foot retail garden center and a public parking area. A third parcel, which is leased to a third party and used for growing agricultural crops, is now conceded by the County to be agricultural land.

Taxpayer produces vegetables, flowers, and fruiting plant starts. Most of the products are grown in containers in the greenhouses; however, taxpayer also has a test field of approximately three acres in which

plants are grown in the ground. Taxpayer generally does not use the soil from the Property for the greenhouse containers. The environment of the greenhouses is regulated using water systems, humidity pads, fans, and heaters. The plants are primarily sold at wholesale; however, some sales are made at the on-site retail center (which is classified as commercial) and at another retail outlet.

For the tax year 1999, the Adams County Assessor's Office classified and valued the Property as commercial land and improvements. Taxpayer appealed to the Board of Assessment Appeals (BAA). Relying on *Morning Fresh Farms, Inc. v. Weld County Board of Equalization,* 794 P.2d 1073 (Colo. App.1990), the BAA ruled that the Property should be classified as agricultural.

I.

The County contends that the BAA's statutory interpretation is contrary to the plain language and intent of the Colorado statutes and that the BAA therefore erred in determining that the Property should be classified as agricultural land. We agree.

■ Findings of fact of the BAA are entitled to deference unless they are unsupported by competent evidence or reflect a failure to abide by the statutory scheme for property tax assessment. *Bd. of Assessment Appeals v. E.E. Sonnenberg & Sons, Inc.,* 797 P.2d 27 (Colo.1990). However, a reviewing court is not bound by the BAA's interpretation of law where it is inconsistent with the clear language of the statute or legislative intent. *Douglas County Bd. of Equalization v. Clarke,* 921 P.2d 717 (Colo.1996).

■ Agricultural land in Colorado receives favorable ad valorem tax treatment, calculated on the basis of the earning or productive capacity of the land. Colo. Const. art. X, § 3(1)(a); § 39–1–103(5)(a), C.R.S.2001. As relevant here, "agricultural land" is defined as "[a] parcel of land ... that was used the previous two years and presently is used as a farm or ranch." Section 39–1–102(1.6)(a), C.R.S.2001.

At issue here is the definition of "farm." Section 39–1–102(3.5), C.R.S.2001, defines a "farm" as "a parcel of land which is used to produce agricultural products that originate from the land's productivity for the primary purpose of obtaining a monetary profit." "Agricultural and livestock products" are defined in 39–1–102(1.1), C.R.S.2001, as:

plant or animal products in a raw or unprocessed state that are derived from the science and art of agriculture, regardless of the use of the product after its sale and regardless of the entity that purchases the product. "Agriculture", for the purposes of this subsection (1.1), means farming, ranching, animal husbandry, and horticulture.

The BAA, relying on the dictionary definition of "horticulture," determined that the Property is a farm because it is a parcel of land that produces agricultural products, including products derived from horticulture, for the primary purpose of obtaining a monetary profit. Thus, the BAA ruled that the Property is agricultural land and should be assessed as such.

■ The County urges that this finding is contrary to the plain language of § 39–1–102(3.5), which requires that the agricultural products "originate from the land's productivity." This language, the County argues, requires a showing that the agricultural products have some connection with the land or soil itself. Because the products here are grown in fully enclosed, environmentally controlled buildings, and in soil obtained from outside sources, the County maintains that they bear no relationship to the land and that the BAA's ruling therefore violates the language and purpose of the statute. We agree.

■ A reviewing court must construe and apply a statute in accordance with the legislative intent. To determine that intent, we look primarily to the language of the statute itself, and when the statutory language is plain, it must be applied as written and "should not be subjected to a strained or forced interpretation." *Boulder County Bd. of Equalization v. M.D.C. Constr. Co.,* 830 P.2d 975, 980 (Colo.1992). Further, each word and phrase must be given effect, using the commonly accepted meanings. *San Mi-*

*guel County Bd. of Equalization v. Telluride Co.,* 947 P.2d 1381 (Colo.1997).

According to the plain language of § 39–1–102(3.5), to qualify as a farm, a property must produce agricultural products "that originate from the land's productivity." This requirement is consistent with the constitutional mandate that agricultural land be valued "solely by consideration of the earning or productive capacity of such lands capitalized by a rate as prescribed by law." Colo. Const. art. X, § 3(1)(a). We agree with the County that this language requires that there be some relationship between the agricultural products and the productive capacity of the parcel of land. Where, as here, the land serves only to provide a site for a greenhouse operation, the products involved do not originate from the productivity of the land on which the greenhouses are located.

The BAA relied on *Morning Fresh Farms, supra,* for its decision. In that case, the plaintiff sought a personal property tax exemption for certain equipment used in its egg production facilities. A division of this court held that a forty-acre portion of the land that included buildings housing hens and egg handling equipment could fall within the definition of a farm under § 39–1–102(3.5). The egg production and hen replacement facilities were entirely self-contained, and none of the hens ever touched the ground. The division held, nevertheless, that there was nothing in the statutory definition of a farm that would exclude this portion of the property from being classified as a farm, and that the equipment thus could be exempt from personal property taxation as "agricultural equipment which is used on a farm or ranch in the production of agricultural products." *Morning Fresh Farms, Inc. v. Weld County Bd. of Equalization, supra,* 794 P.2d at 1075.

In following *Morning Fresh Farms,* the BAA here stated that "there is no material difference between a chicken sitting on wooden slats and producing an egg for profit, and a greenhouse plant, placed on wooden slats, producing a horticultural product for profit."

We conclude, however, that the facts in *Morning Fresh Farms* are distinguishable from those here. There, the egg production facility involved a 40 acre portion of an 800–acre farm on which corn, wheat, and alfalfa were grown. Some of the feed for the chickens was grown on the farm. Here, the Property is not a part of a larger agricultural property, but, rather, is itself primarily used for a commercial enterprise. We do not read the *Morning Fresh Farms* opinion as holding that property can be classified as agricultural even if there is no relationship between the agricultural product and the productivity of the land. However, to the extent that the opinion can be read to so hold, we conclude that it fails to give meaning to all the plain language of the statute, and we would therefore decline to follow it.

Because the agricultural products produced on the Property here do not originate from the land's productivity, as required by the plain language of the statute, we conclude that the Property is not a farm under § 39–1–102(3.5) and thus may not be classified and valued as agricultural for property tax purposes.

## II.

The County also argues that the BAA erred by failing to give deference to the Property Tax Administrator's interpretation of § 39–1–102(1.6)(a), as codified in the *Assessors Reference Library.* However, because we conclude that the BAA's interpretation is contrary to the plain language of the statute, we need not address the issue.

The order of the BAA is reversed.

Judge VOGT and Justice ERICKSON,* concur.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2001.