James A. HEPP, Plaintiff–Appellee,

v.

BOULDER COUNTY ASSESSOR and Boulder County Board of Equalization, Defendants–Appellants.

No. 03CA2055.

Colorado Court of Appeals, Div. V.

May 5, 2005.

NIETO, J.

In this property tax case, defendants, the Boulder County Assessor and the Boulder County Board of Equalization (collectively, the County), appeal the judgment that reclassified and revalued certain real property owned by plaintiff, James A. Hepp (taxpayer), for the 2001 tax year. We reverse and remand for further proceedings.

The subject property consists of two adjacent parcels of land. It is undisputed that mining operations for gravel excavation were conducted on the parcels from 1995 through sometime in 1999 and that the parcels were used for agricultural purposes previous to the mining operations. Most of the larger, 87.42–acre parcel (Parcel 1) now consists of ponds where the gravel excavation occurred, and the smaller, 15.60–acre parcel (Parcel 2) contains a maintenance building. Reclamation activities on these parcels required under the mining permit were ongoing and had not been completed as of the 2001 assessment date.

For the 2001 tax year, the County classified the subject property as vacant land. Based on that classification, the County valued Parcel 1 at $961,600, and valued Parcel 2 at $567,200, of which $446,200 was for the land and $121,000 was for the building.

Taxpayer challenged both the classification and the valuation of his property in the trial court. In his first claim for relief, taxpayer asserted that the County's classification of the parcels as vacant land was incorrect, and in his second claim for relief, he asserted that the County's determination of value was incorrect. Taxpayer instead sought the classification and valuation of the parcels for the 2001 tax year as agricultural land.

Following a bench trial, the trial court found that on the assessment date taxpayer's land was still in the reclamation process under the mining permit. On that basis, the court ruled that the land must be classified as a "mine" for tax purposes, but it did not address the valuation issues at that time.

After a hearing on the parties' post-trial motions, the court found that the parcels had

Schuetze, Gordon & Dubofsky, LLP, Frank N. Dubofsky, Boulder, Colorado, for Plaintiff–Appellee.

H. Lawrence Hoyt, County Attorney, Michael A. Koertje, Assistant County Attorney, Robert R. Gunning, Assistant Count Attorney, Boulder, Colorado, for Defendants–Appellants.

been used for agricultural purposes until mining began in 1995 and taxpayer's intent as of the 2001 assessment date was to restore the property to agricultural use in the future once reclamation ceased. The court also found that the mining operation was "merely an interruption" in the agricultural use and that only classification and valuation as agricultural land was fair under these circumstances. The court ordered that the land be reclassified and revalued as agricultural land for the 2001 tax year.

Based on that classification, the court valued the land of Parcel 1 at $3600 and the land of Parcel 2 at $600 for the 2001 tax year, with the value of the improvements on Parcel 2 remaining unchanged at $121,000.

## I.

■ The County first contends that the trial court erred in classifying the subject parcels as agricultural land for the 2001 tax year. We agree.

Under the applicable statutory scheme, taxpayer had the burden of proof to show any qualifying uses of his land in the relevant years in support of his claims for agricultural classification. *See Douglas County Bd. of Equalization v. Clarke,* 921 P.2d 717 (Colo. 1996); *Johnston v. Park County Bd. of Equalization,* 979 P.2d 578 (Colo.App.1999).

Pursuant to § 39–1–102(1.6)(a)(I), C.R.S. 2004, "agricultural land," as relevant here, is defined for property tax purposes as a parcel of land "that was used the previous two years and presently is used as a farm or ranch, ... or that is in the process of being restored through conservation practices." It is undisputed that the past, pre-mining agricultural use and the intended future agricultural use of the subject parcels was and will be as a "ranch" for the grazing of livestock. *See* § 39–1–102(13.5), C.R.S.2004 (defining "ranch" for property tax purposes).

Contrary to the trial court's analysis, any agricultural classification for the subject parcels must be based on the foregoing statutory criteria rather than on any non-statutory equitable considerations. Further, the focus of such classification determination must be on the actual surface use of the land in the

relevant time period, and the taxpayer's subjective intent regarding the use of his land is not relevant for such purposes. *See Douglas County Bd. of Equalization v. Clarke, supra.* Moreover, a taxpayer's land cannot qualify for agricultural classification for a particular tax year if there has been no agricultural use of the parcel in the three relevant years. *See Von Hagen v. Bd. of Equalization,* 948 P.2d 92 (Colo.App.1997).

Consequently, for the subject parcels to qualify for agricultural classification and its favorable property tax treatment, taxpayer was required to prove that the land was actually grazed in 1999, 2000, and 2001, unless the reason it was not grazed related to a qualifying conservation practice or the land was part of a larger functional agricultural unit on which grazing or qualifying conservation practices occurred during each of those years. *See Douglas County Bd. of Equalization v. Clarke, supra.*

Here, taxpayer admitted that no grazing occurred on the subject parcels in 1999, 2000, and 2001. Nevertheless, on appeal, taxpayer contends that the trial court properly reclassified the subject parcels as agricultural land because he allegedly met the criteria for establishing qualifying conservation practices. The County contends that such criteria have not been satisfied. We agree with the County.

In 1997, shortly after the *Clarke* case was decided, § 39–1–102(1.6)(a)(I) was amended by adding provisions further defining the "conservation practices" qualifying for agricultural classification for property tax purposes. The amendment provides:

For purposes of this subparagraph (I), a parcel of land shall be "in the process of being restored through conservation practices" if: The land has been placed in a conservation reserve program established by the natural resources conservation service pursuant to 7 U.S.C. secs. 1 to 5506; *or a conservation plan approved by the appropriate conservation district has been implemented for the land for up to a period of ten crop years as if the land has been placed in such a conservation reserve program.*

Section 39–1–102(1.6)(a)(I)(emphasis added); *see also* Colo. Sess. Laws 1997, ch. 136 at 510; *Johnston v. Park County Bd. of Equalization, supra.*

■ Contrary to taxpayer's argument, the foregoing two types of conservation plans are not merely examples of the kind of conservation practices that may qualify a parcel for agricultural classification. Rather, following the 1997 amendments to § 39–1–102(1.6)(a)(I), the qualifying conservation practices are clearly limited to those two types of conservation plans, and nothing in *Johnston* indicates otherwise. Where the legislative intent is clear from the statutory language, we need look no further, and we may not depart from it. *Regional Transp. Dist. v. Lopez,* 916 P.2d 1187 (Colo.1996); *People v. Coleman,* 55 P.3d 817 (Colo.App. 2002).

Thus, although the existence of such a plan is insufficient by itself to establish agricultural classification, *see Johnston v. Park County Bd. of Equalization, supra,* a taxpayer must establish that one of those two types of conservation plans is in effect as a necessary condition for showing qualifying conservation practices for agricultural classification purposes. *See* 3 *Assessors Reference Library* § V, at 5.11 (rev.Jan.2004)(provisions in reference manuals of property tax administrator similarly construing 1997 amendments to § 39–1–102(1.6)(a)(I) as requiring a taxpayer to establish one of these two types of conservation plans to qualify for agricultural classification on this basis); *see also Petron Dev. Co. v. Washington County Bd. of Equalization,* 91 P.3d 408 (Colo.App.2003)(reviewing court gives deference to statutory interpretations in the *Assessors Reference Library* but they are not binding), *aff'd,* 109 P.3d 146 (Colo.2005).

Here, taxpayer specifically responded to the County's pretrial requests for admissions by admitting that neither of the foregoing two types of conservation plans was in effect regarding the subject parcels in 1999, 2000, and 2001. Nevertheless, taxpayer now contends that the reclamation plan under the mining permit is the functional equivalent of the second type of the foregoing statutory conservation plans and that he thereby es-

tablished qualifying conservation practices on that basis. We do not agree.

First, taxpayer's position is inconsistent with the conclusive effect that must be given to his admission that no such conservation plan was in place. *See* C.R.C.P. 36(b). We also do not perceive the asserted equivalency in the mining reclamation plan and the statutory requirements of § 39–1–102(1.6)(a)(I). There is nothing in the mining reclamation plan concerning restoration of the land for grazing or other agricultural use, and there is no evidence in the record indicating that the mining reclamation plan was "approved" by the appropriate "conservation district." *See* § 39–1–102(1.6)(a)(I).

Contrary to taxpayer's further argument, we also perceive no basis for agricultural classification of the subject parcels for the 2001 tax year as part of a larger functional agricultural unit. Although that may be appropriate in future years if taxpayer implements his intended plans, there is no evidence in the record indicating that taxpayer put neighboring property to actual agricultural use by grazing livestock each year from 1999 through 2001 and that his reclamation activities on the subject parcels was an integrated part of such use during each of those years. *See Douglas County Bd. of Equalization v. Clarke, supra.*

Consequently, we conclude that the subject parcels did not qualify for classification as agricultural land for the 2001 tax year as a matter of law, and the trial court erred in ruling otherwise.

We decline to consider taxpayer's argument that Article X § 3 of the Colorado Constitution requires that we adopt his interpretation of § 39–1–102(1.6)(a)(I). Although a county witness testified that the Colorado Constitution required property values to be fair and uniform, taxpayer did not argue in the trial court that this requirement would be violated if statutes were not interpreted as he argued. Therefore, this basis for finding the property to be agricultural land was not raised in the trial court, and it cannot be raised for the first time on appeal. *See Estate of Stevenson v. Hollywood Bar and Cafe, Inc.,* 832 P.2d 718 (Colo.1992).

## II.

■ The County next contends the trial court erred by failing to affirm the county's classification of the subject parcels as vacant land for the 2001 tax year. We disagree.

Here, before erroneously reclassifying the subject parcels as agricultural land, the trial court rejected the County's classification as vacant land. Finding that reclamation was statutorily required as part of the mining operations, see § 34–32–116, C.R.S.2004, and that reclamation was not yet complete, the court ruled that the parcels should be classified as a mine. However, while we note that the trial court accepted the undisputed facts that the land had been used for a gravel mine and that the reclamation activities were not yet complete, this judgment was vacated when the court classified the property as agricultural land. Therefore, there is no trial court judgment classifying the property as a mine for us to review, but we may consider the court's findings of fact.

For property tax purposes, pursuant to § 39–1–103(14)(c)(I), C.R.S.2004, "vacant land" does not include "all mines." The classification of "mines" for such tax purposes is set forth in § 39–6–104, C.R.S.2004, and mines operated for gravel fall under the "excepted" category. "Excepted" mines are "valued for assessment in the same manner as other real property." Section 39–6–111, C.R.S.2004.

We also note that the building on Parcel 2 further precludes classification of that parcel as vacant land. Although "vacant land" may include "minor structures," that building, valued at $121,000, is not a "minor structure." See § 39–1–103(14)(c)(II)(A), C.R.S.2004; Farny v. Bd. of Equalization, 985 P.2d 106 (Colo.App.1999).

The trial court's finding that the property was used for mining purposes and that a substantial building was on Parcel 2 supports its refusal to uphold the County's classification of the subject parcels as vacant land for the 2001 tax year. Thus, we conclude the trial court properly rejected the county's vacant land classification.

Because the judgment classifying the property as a mine has been vacated, and we have reversed the trial court's classification of the land as agricultural land, on remand the court must determine the proper classification of the land. The court must reconsider the evidence relating to the correct classification, and it may, in its discretion, hold further hearings and take additional evidence. However, we note that the evidence supported the trial court's first conclusion that the property was a mine, and it is not precluded from reinstating that prior judgment if it deems that to be the correct classification.

## III.

Finally, the County contends that its valuation of the subject property for the 2001 tax year must be sustained. We disagree and conclude the case must be remanded for further proceedings on the valuation issue.

At trial, the County presented evidence regarding its valuation of the subject parcels as vacant land, using comparable sales under the market approach. Taxpayer did not present any comparable sales evidence under the market approach, most likely because valuation of "agricultural land" for property tax purposes is not based on consideration of the market approach to appraisal. See § 39–1–103(5)(a), C.R.S.2004. Because the trial court ultimately valued the subject parcels as agricultural land, it did not weigh the valuation evidence presented under the market approach.

Nevertheless, because the subject parcels do not qualify for agricultural land classification and are not "producing" mines, valuation for the 2001 tax year must be based on appropriate consideration of the market approach, as well as the cost approach and the income approach if applicable. See §§ 39–1–103(5)(a), 39–6–111(1), C.R.S.2004.

Contrary to the County's argument, we cannot say, as a matter of law, that its valuation of the subject parcels must be adopted based on its market approach evidence. Rather, the trial court, as the finder of fact in these proceedings, must weigh the evidence and determine the value. It is not bound to accept as dispositive even the uncontroverted evidence of a single party, but may properly

consider any reasonable inferences and circumstances tending to weaken or discredit such evidence. *See Weingarten v. Bd. of Assessment Appeals,* 876 P.2d 118 (Colo.App. 1994).

In this regard, we note that the County's comparable sales evidence was based on its classification of the parcels as vacant land, and we have affirmed the trial court's rejection of this classification. Taxpayer also challenged the weight of this evidence in his cross-examination of the County's appraisal witness. On remand, these are matters for the trial court to weigh in making the factual determinations involved in resolving the valuation issue.

For guidance on remand, we also note that the trial court may, in its discretion, take additional evidence on the valuation issues. Moreover, if the court ultimately cannot determine an appropriate valuation of the subject parcels for the 2001 tax year based on the evidence presented, but finds that taxpayer has satisfied his burden of proving that the County's valuation is incorrect, the court may remand the matter to the County for a new assessment. *See Bd. of Assessment Appeals v. Sampson,* 105 P.3d 198 (Colo.2005).

Accordingly, the judgment regarding the classification and valuation of the subject parcels for the 2001 tax year is reversed, and the case is remanded for further proceedings consistent with the views expressed in this opinion.

Judge VOGT and Judge HAWTHORNE concur.