2012 COA 104

**Ellen Libbey ANDREW, Petitioner–Appellant,**

v.

**TELLER COUNTY BOARD OF EQUALIZATION, Respondent–Appellee,**

and

**Board of Assessment Appeals, Appellee.**

No. 11CA1312.

Colorado Court of Appeals, Div. VII.

June 21, 2012.

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2011.

Ellen Libbey Andrew, Pro Se.

Sparks Willson Borges Brandt & Johnson, P.C., Christopher M. Brandt, Paul W. Hurcomb, Matthew A. Niznik, Colorado Springs, Colorado, for Respondent–Appellee.

Opinion by Judge BOORAS.

¶ 1 In this property tax case, petitioner, Ellen Libbey Andrew (taxpayer), appeals from an order of the Board of Assessment Appeals (BAA) that denied her challenges to the nonagricultural classification placed on her land by respondent, the Teller County Board of Equalization (BOE), for the 2010 tax year. We affirm.

## I. Factual and Procedural Background

¶ 2 The relevant facts concerning the classification issues are not in dispute. The subject property is a thirty-five-acre parcel of land taxpayer purchased in 1998, and is within a subdivision containing other thirty-five-acre and twenty-acre parcels. By 2010, nineteen of the subdivision parcels had improvements and seventeen were vacant.

¶ 3 All parcels within the subdivision are subject to a perpetual conservation easement, established in 1990 for the preservation of wildlife habitat by a deed creating a nonexclusive conservation easement in gross under sections 38–30.5–101 to –112, C.R.S.2011. The 1990 deed allowed the subdivision of the property subject to the easement, and the deed permits building areas of up to two acres on each subdivided parcel for residential purposes.

¶ 4 Taxpayer constructed a residence on her parcel, receiving a certificate of occupancy in August 2009. Through the 2009 tax year, based on the perpetual conservation easement, taxpayer's parcel was classified as agricultural land. However, based on the completion of her residence, the county assessor changed the classification of taxpayer's parcel for the 2010 tax year to residential land.

¶ 5 Taxpayer challenged the 2010 residential classification of her land in de novo proceedings before the BAA. In support of her position that her parcel should be classified as agricultural land, taxpayer relied primarily on the perpetual conservation easement, but she also asserted that her land qualified for agricultural classification due to farming and forestry uses. The BOE asserted that taxpayer's land no longer qualified for agricultural classification based on the perpetual conservation easement because the parcel is less than eighty acres in size and now contains a residential improvement, and that taxpayer had not established the other bases for agricultural classification.

¶ 6 Following the hearing, the BAA denied taxpayer's petition and upheld the BOE's classification of taxpayer's parcel for the 2010 tax year. In particular, the BAA stated that it concurred with the BOE's classification of the parcel as residential "due to the existence of the improvement," and it found that the sale of hay from the subdivision "benefits the Homeowners' Association, not the subject parcel." This appeal by taxpayer followed.

## II. Standard of Review

¶ 7 The ultimate determination as to the appropriate classification of property for property tax purposes involves mixed issues of law and fact. Under the applicable standard of review, the BAA's classification determination must be sustained on judicial review if it has a reasonable basis in law and is supported by substantial evidence in the record as a whole. *Farny v. Bd. of Equalization*, 985 P.2d 106, 109 (Colo.App.1999); *Johnston v. Park Cnty. Bd. of Equalization*, 979 P.2d 578, 580 (Colo.App.1999); *see* § 24–4–106(7), (11)(e), C.R.S.2011.

¶ 8 Moreover, a reviewing court must give appropriate deference to the BAA's interpretation of property tax statutes unless those interpretations are clearly erroneous. *Aberdeen Investors, Inc. v. Adams Cnty. Bd. of Cnty. Comm'rs*, 240 P.3d 398, 400 (Colo. App.2009).

¶ 9 We also note that proceedings before the BAA are de novo in nature. Thus, the scope of this appeal is limited to review of the propriety of the BAA's classification determination, not that of the assessor or the BOE, based on the record made in the proceedings before the BAA. *Johnston*, 979 P.2d at 581.

¶ 10 Consequently, we will not address taxpayer's contentions concerning her challenges to the 2010 classification in the earlier proceedings before the assessor and the BOE, which are not before us. We also may not consider the additional factual assertions taxpayer now makes on appeal that go beyond the record previously made in the evidentiary hearing before the BAA. *See id.* Finally, although taxpayer now argues that the assessor failed to give her proper notice of the reasons for the 2010 reclassification in violation of the requirements of section 39–1–103(5)(c), C.R.S.2011, she did not raise this issue before the BAA, and it cannot be raised for the first time on appeal. *See Hepp v.*

*Boulder Cnty. Assessor,* 113 P.3d 1268, 1271 (Colo.App.2005).

### III.  BAA's Rejection of Taxpayer's Agricultural Land Arguments

¶ 11 Next, we conclude that the BAA, based on the record before it, properly upheld the BOE's residential classification of taxpayer's parcel for the 2010 tax year and properly rejected taxpayer's arguments for agricultural land classification.

¶ 12 Under the applicable statutory scheme, taxpayer had the burden of proof in the BAA proceedings to show any qualifying basis for classifying the subject parcel as agricultural land for the 2010 tax year. *See C.P. Bedrock, LLC v. Denver Cnty. Bd. of Equalization,* 259 P.3d 514, 518 (Colo.App. 2011); *Hepp,* 113 P.3d at 1270. We agree with the BOE that taxpayer failed to meet her burden of proof.

### A.  Taxpayer's Agricultural Land Arguments Based on Perpetual Conservation Easement

¶ 13 The classification of land as agricultural for property tax purposes based on a perpetual conservation easement is governed by section 39–1–102(1.6)(a)(III), C.R.S.2011. Under this section, "agricultural land" is defined as including:

> A parcel of land that *consists of at least eighty acres, or of less than eighty acres if such parcel does not contain any residential improvements,* and that is subject to a perpetual conservation easement, if such land was classified by the assessor as agricultural land under subparagraph (I) or (II) of this paragraph (a) at the time such easement was granted, if the grant of the easement was to a qualified organization, if the easement was granted exclusively for conservation purposes, and if all current and contemplated future uses of the land are described in the conservation easement.

(Emphasis added.) However, "agricultural land" under these provisions "does not include any portion of such land that is actually used for nonagricultural commercial or non-agricultural residential purposes." § 39–1–102(1.6)(a)(III).

¶ 14 Like the BAA, we conclude that taxpayer's parcel does not qualify for agricultural land classification for the 2010 tax year under section 39–1–102(1.6)(a)(III) due to the size of the parcel and the existence of the residential improvement.

¶ 15 We interpret statutes de novo, and we look first to the plain language of the statute. *C.P. Bedrock,* 259 P.3d at 517. When interpreting statutes, we seek to give effect to legislative intent by affording statutory terminology its commonly accepted meaning. *Aberdeen Investors,* 240 P.3d at 401. Where the legislative intent is clear from the statutory language, we need look no further, and we may not depart from it. *Hepp,* 113 P.3d at 1271. Rather, if statutory language is plain and its meaning clear, it must be applied as written. *C.A. Staack P'ship v. Bd. of Cnty. Comm'rs,* 802 P.2d 1191, 1192 (Colo.App.1990).

¶ 16 As we read section 39–1–102(1.6)(a)(III), the plain meaning of the provisions concerning the size of a qualifying parcel is that, even if the parcel subject to a perpetual conservation easement would otherwise qualify for agricultural classification under the other provisions, it must be at least eighty acres in size to qualify if it contains a residential improvement, while it may be less than eighty acres in size only if it does not contain a residential improvement.

¶ 17 Here, taxpayer's parcel is only thirty-five acres in size and it now contains a residential improvement, starting with the 2010 tax year. Consequently, regardless of whether taxpayer's parcel would otherwise qualify for agricultural classification based on the perpetual conservation easement under the other provisions, and regardless of whether it qualified in previous tax years before it contained any residential improvement, it no longer qualified for agricultural classification under section 39–1–102(1.6)(a)(III) for the 2010 tax year because it then contained a residential improvement and did not meet the minimum size requirement of eighty acres.

¶ 18 Contrary to taxpayer's further argument, nothing in other statutory provisions

concerning perpetual conservation easements or in the 1990 deed alters the foregoing analysis, because the sole basis for any property tax classification of a parcel as agricultural land due to a perpetual conservation easement is found in the provisions of section 39–1–102(1.6)(a)(III).

¶ 19 Finally, we need not address taxpayer's arguments concerning the last sentence of section 39–1–102(1.6)(a)(III) and the portion of her land that she admittedly uses for nonagricultural residential purposes. That provision is inapplicable here, as it applies only if the subject parcel otherwise qualifies for classification as agricultural land under the preceding provisions that apply to land of at least eighty acres or less than eighty acres if it does not contain any residential improvements, which is not the case here.

### B. Taxpayer's Agricultural Land Arguments Based on Asserted Farming Use

¶ 20 We also reject taxpayer's arguments that her parcel independently qualified for agricultural classification for the 2010 tax year based on asserted farming use.

¶ 21 Under section 39–1–102(1.6)(a)(I), C.R.S.2011, a parcel of land may qualify for agricultural classification for a particular tax year based on farming use when it was used as a farm in the tax year in question and in the previous two years. However, taxpayer presented no evidence indicating that any haying operations on her parcel occurred in each year of the required three-year period, in 2008, in 2009, and in 2010.

¶ 22 On this record, taxpayer failed to meet her burden of proof for classifying the subject parcel as agricultural land for the 2010 tax year under section 39–1–102(1.6)(a)(I), as a matter of law. *See C.P. Bedrock*, 259 P.3d at 519; *see also Besch v. Jefferson Cnty. Bd. of Cnty. Comm'rs*, 20 P.3d 1195, 1197 (Colo.App.2000).

### C. Taxpayer's Agricultural Land Arguments Based on Asserted Forestry Use

¶ 23 Finally, we also reject taxpayer's arguments that her parcel independently qualified for agricultural classification for the 2010 tax year based on asserted forestry use.

¶ 24 Under section 39–1–102(1.6)(a)(II), C.R.S.2011, a parcel of land may qualify for agricultural classification for a particular tax year based on certain forestry uses under certain conditions. As relevant here, section 39–1–102(1.6)(a)(II) contains a minimum size requirement for qualifying parcels of at least forty acres. Moreover, no parcel qualifies for agricultural classification on this basis unless it is subject to a forest management plan and it is listed on a report required to be submitted by the Colorado state forest service. *See* § 39–1–102(1.6)(a)(II), (4.4), C.R.S.2011.

¶ 25 Here, taxpayer's parcel does not meet the minimum size requirement of forty acres under section 39–1–102(1.6)(a)(II), and taxpayer presented no evidence indicating that it was listed on the required report by the Colorado state forest service. Consequently, taxpayer also failed to meet her burden of proof for classifying the subject parcel as agricultural land for the 2010 tax year under section 39–1–102(1.6)(a)(II), as a matter of law.

### IV. Conclusion

¶ 26 Because the BAA's nonagricultural classification of taxpayer's parcel for the 2010 tax year is supported by the evidentiary record and has a reasonable basis in law, its ruling will not be disturbed on review. *See* § 24–4–106(7), (11)(e); *Johnston*, 979 P.2d at 580–81; *see also Farny*, 985 P.2d at 110.

¶ 27 Accordingly, the BAA's order is affirmed.

Judge TERRY and Judge FOX concur.